# Wytheville

DIAMOND CAB COMPANY, INCORPORATED v. LYDIA A. JONES.

June 14, 1934.

Present, All the Justices.

The opinion states the case.

*Harry H. Kanter* and *T. J. Amelson,* for the plaintiff in error.

*Tom E. Gilman* and *James G. Martin,* for the defendant in error.

CHINN, J., delivered the opinion of the court.

This is an action brought by Mrs. Lydia A. Jones against Diamond Cab Company, Incorporated, to recover damages for personal injuries alleged to have been caused by the negligent operation of one of said company's taxicabs on the afternoon of April 18, 1930, at the intersection of Bank and Plume streets, in the city of Norfolk. There was a verdict and judgment for the plaintiff below to which the cab company obtained this writ of error.

On the occasion in question Mrs. Jones, the plaintiff, was riding as a guest in an automobile being driven by her daughter, Mrs. Mildred Abslom, in a northerly direc-

tion on Bank street. On the front seat with Mrs. Abslom, the driver, was her sister, Mrs. Linton. On the back seat were the plaintiff and her grandson, Wilmer Jones, twelve years of age, and between the two was plaintiff's granddaughter, a child of five years of age, who was seated on a small wooden stool placed on the cushion of the rear seat in order that she might look out of the car.

The evidence is somewhat in conflict, but the facts surrounding the accident, as they may have been found by the jury from the evidence given by plaintiff and her witnesses, were as follows: That the car in which plaintiff was riding was following a line of traffic in orderly fashion along Bank street; that as they approached the intersection of Bank and Plume streets, where the traffic was very heavy at the time, the police officer on duty at the intersection signaled them to proceed across Plume street; that just after crossing said street Mrs. Abslom was compelled, because of a halt in traffic ahead of her, to bring her car to a stop; that while standing in this position defendant's cab, No. H-887, dashed by the traffic officer across Plume street, struck the automobile a severe jolt in the rear, and forced it forward in such a manner that Mrs. Abslom had to suddenly apply her brakes in order to avoid striking the car in front of her; that the sudden application of the brakes in consequence thereof caused the child and the stool to topple over between the seats of the car, and also caused the plaintiff to fall forward on the stool, and thereby sustain the injuries complained of. Four errors are assigned in the petition. It is first alleged that the court erred in refusing to give, at the request of the defendant, the following instruction:

"The court instructs the jury that if the plaintiff had an accident as alleged, it was the duty of the driver of the car in which plaintiff was riding and in which she alleges she received personal injuries, to make a report of the accident to the police department within twenty-four hours after its occurrence; and her failure so to do is to be considered by you along with the other evidence

in the case, in detemining whether or not there was an accident with defendant's cab."

After due consideration we think the instruction was properly refused. While the statute upon which it was based (section 2145, Code 1930) makes it the duty of the driver of a vehicle involved in an accident to report the same as therein specified, the failure of Mrs. Abslom, the driver, to make the report in the instant case could not preclude the plaintiff from recovering for defendant's negligence, or in any wise prejudice her rights in the premises. In fact, the statute was not intended to affect the rights of either party in a case of this sort, but intended solely as a police regulation, for police purposes. The fact that Mrs. Abslom failed to comply with the requirements of the statute, therefore, was only admissible as evidence going to her credibility as a witness, and for no other purpose.

It is insisted, however, that the instruction should have been given to inform the jury of the law on the subject in order that Mrs. Abslom's failure to report the accident might be considered by the jury in determining the question of whether an accident had actually taken place.

It appears from the record that both the law and the facts relating to Mrs. Abslom's failure to report the accident were brought to the attention of the jury in her cross-examination, and must be assumed to have been considered by the jury, as they had the right to do, along with the other evidence in the case. In view of these circumstances, even if it be conceded that the instruction should have been given, the error complained of was harmless.

It may also be said the instruction was objectionable for the reason it undertook to point out and emphasize a particular circumstance in the case in a manner calculated to mislead the jury in attaching undue importance thereto in determining the issues before them and arriving at their verdict. *New York, P. & N. R. Co.* v. *Thomas,* 92 Va. 608, 24 S. E. 264; *Seaboard & R. R. Co.* v.

*Joyner's Adm'r,* 92 Va. 354, 23 S. E. 773; *Haney* v. *Breeden,* 100 Va. 781, 42 S. E. 916.

The next two assignments of error relate to the refusal of the court to set aside the verdict (1), as being contrary to the law and the evidence; and (2), on the ground that the verdict is excessive.

■ Without discussing the evidence in detail, which we do not consider would serve any useful purpose, we deem it sufficient to say that after careful consideration of all evidence in the case, and the argument of counsel in support of the motion, we are of the opinion that the evidence is sufficient to support the verdict, and the trial court was plainly right in refusing to set aside the verdict on that ground.

■ We find nothing inherently incredible, or even improbable, in plaintiff's evidence, as defendant contends, and the jury being, therefore, the sole judges of the credibility of the witnesses and all questions of fact, the contributory negligence of the plaintiff and the negligence of the defendant were questions for their determination, which are concluded by their verdict. *Terry* v. *Bishop-Fry Company,* 133 Va. 332, 112 S. E. 619; *Forbes & Co.* v. *Southern Cotton Oil Co.,* 130 Va. 245, 108 S. E. 15.

■ Nor do we think there is sufficient reason for disturbing the verdict on the ground that the $1,000.00 damages allowed by the jury is excessive. It appears from the evidence of the plaintiff that when the stool toppled over it fell bottom up in the car, and in falling forward on it as she did, she sustained internal injuries which caused her much pain, accompanied by frequent spitting of blood, and kept her in bed under the care of a physician for over a month; and that the injury to her side was still giving her trouble at the time of the trial, nearly two years after the accident. Plaintiff was corroborated in all this by her attending physician, Dr. Burfoot. It is well settled that a verdict in personal injury cases will not be set aside as excessive unless it appears that the jury was actuated by prejudice, partiality, or corruption,

■

or was misled by some mistaken view of the merits of the case. *Morris & Co.* v. *Alvis,* 138 Va. 149, 121 S. E. 145.

The remaining assignment of error is the refusal of the court to set aside the verdict because of alleged improper argument made before the jury by counsel for plaintiff. The language objected to was as follows:

"My friend says that when a cab is concerned one's imagination runs wild. It don't have to run wild. The cab runs wild."

It is claimed that the above remark was highly prejudicial. It is apparent that the statement to which objection is made was provoked by the prior statement of counsel for the defendant, quoted by plaintiff's counsel. Such being the case, we do not think it can be held that the reply made by plaintiff's counsel was so far out of bounds as to justify a new trial in any event. But however that may be, it appears that defendant's counsel did not ask for a mistrial, but merely objected to the above statement and asked that the jury be instructed to disregard it, which the court promptly did. Under these circumstances defendant suffered no prejudice of which it can justly complain.

For the foregoing reasons, we are of the opinion that the judgment of the lower court should be affirmed.

*Affirmed.*