# Richmond

LUISE TUCK BRANN v. F. W. WOOLWORTH COMPANY, INC.

March 8, 1943.

Record No. 2638.

Present, Campbell, C. J., and Hudgins, Gregory, Browning, Eggleston and Spratley, JJ.

The opinion states the case.

*Hugh T. Williams, Waldo G. Miles* and *Mary H. Williams*, for the plaintiff in error.

*Brown & Garrett,* for the defendant in error.

GREGORY, J., delivered the opinion of the court.

The plaintiff in error, occupying the position of plaintiff below, instituted her action against the defendant in error for damages for personal injury alleged to have been sustained by reason of falling on ice which had formed on the sidewalk in front of the store of the defendant in error. She alleged that the defendant in error, through its agents and employees, negligently allowed water to run across the sidewalk in freezing weather when an employee washed the outside show windows of the store.

The case was tried by jury and a verdict of $6,000 was rendered in favor of the plaintiff. The defendant moved to set aside the verdict on the ground that no negligence had been shown against it, and, further, that counsel for the plaintiff had indulged in improper and prejudicial argument to the jury. The trial court, after careful and mature consideration, held that there was sufficient evidence to carry the question of defendant's negligence to the jury, but it was of the opinion that the argument of counsel for plaintiff was improper and, on that ground alone, set aside the verdict and awarded a new trial. This action was the subject of objection on the part of the plaintiff, to which she properly preserved her exception.

Upon the second trial the defendant demurred to the evidence and the jury, subject to the ruling on the demurrer, awarded the plaintiff the sum of $3,500. The court then overruled the demurrer, holding that there was sufficient evidence on the subject of the negligence of the defendant to submit that issue to the jury. Accordingly, a judgment was entered upon the verdict.

Both the plaintiff and the defendant were dissatisfied with the result and each indicated a desire to test the rulings of the court by writ of error. The plaintiff first obtained a writ of error and in her petition has assigned error to the

action of the court in setting aside the first verdict of $6,000, and in awarding a new trial. The defendant assigns cross-error to the action of the court in submitting to the jury any issue in either trial, on the ground that in contemplation of law no evidence of negligence had been produced in either trial from which a jury could fairly conclude that the defendant was guilty of any actionable negligence.

There is no dispute in the evidence. In both trials it was substantially the same. On February 4, 1941, the plaintiff came to Danville from her home in South Boston. She, her daughter and Mrs. Barbour were walking on Main street in front of the store of the defendant. The plaintiff slipped on ice, fell and received severe injuries to her knee. The weather was clear and there was no snow or other ice on the sidewalk or ground. The ice on the sidewalk had formed from water that had been allowed to run on the sidewalk when the servant of the defendant washed the outside of the display windows of the store. The windows had been washed between 7:30 and 8:00 o'clock that morning. The servant usually mopped up the water when it ran on the sidewalk but on the morning in question he failed to do so because he did not think it cold enough to freeze. He ordinarily did not wash the windows in freezing weather because ice formed on the glass and on the sidewalk if any water ran on it which was not mopped up.

The plaintiff is a married woman 34 years of age, the wife of a doctor and prominent in the social, civic and religious life of her community. The doctors have described her injury, and from their testimony and her own it is conclusive that she suffered painful and perhaps permanent injury. The doctors say she will have to undergo an exploratory operation but whether it will effect a cure is problematical. Her activities in the affairs of her community and in her domestic life are very much curtailed since she fell.

There have been two trials of this case in the lower court. Under a familiar rule this court will look first to the record in the first trial, and if it is apparent that the

court should not have set aside the first verdict, this court will reinstate it, enter judgment thereon, and set aside all subsequent proceedings. *Clark* v. *Hugo*, 130 Va. 99, 102, 107 S. E. 730; *Hogg* v. *Plant*, 145 Va. 175, 133 S. E. 759, 47 A. L. R. 308; *Peninsula Produce Exchange* v. *Upshur*, 149 Va. 639, 140 S. E. 651; *Chesapeake, etc., Ry. Co.* v. *Nickel*, 157 Va. 382, 161 S. E. 248; *Yorke* v. *Maynard*, 173 Va. 183, 186, 3 S. E. (2d) 366.

Our review of the proceedings of the first trial will be limited to the two controlling points which were carefully considered by the trial court. They were properly saved and are made the subject of the assignments of error and cross-error. The decision of the two points will effectually dispose of the case.

The defendant has maintained all through both trials that the evidence did not justify the court in submitting the issue of its alleged negligence to the jury. The trial court has held twice against that contention.

This court again is called upon to decide whether the court or the jury should have decided the presence or absence of negligence on the defendant's part. In this case we have already noted that the facts are not in dispute. To summarize them briefly: The plaintiff fell because there was ice on the sidewalk in front of defendant's store. The ice formed from water allowed by defendant's servant to run on the sidewalk when he washed the windows.

Counsel for the defendant argues that it was not likely that the water would freeze when the servant washed the windows, or that, from the small quantity of water running on the sidewalk, any reasonably prudent person would have foreseen the probability of an accident to a pedestrian. The trial court in five instructions left to the jury the determination of whether an accident should have been foreseen by the defendant. In substance, the jury were told to find for the defendant, if washing the windows was done under such circumstances that a reasonably prudent person would not have anticipated that the probable result would be the freezing of the water on the sidewalk and the creation of a

condition which would be dangerous to pedestrians who might be using the sidewalk in the ordinary manner and exercising ordinary care for their own safety. This was but another way of stating that, if it could not have been reasonably foreseen that a pedestrian might fall on the ice, the defendant was not guilty of negligence.

In passing upon defendant's motion to set aside the first verdict and enter final judgment in its favor on the ground that there was no evidence of its negligence, the trial court in a carefully considered opinion said in part:

 "The question before the jury presents two separate issues, although they all blend into the determination of the final issue, which was the defendant's liability. The first is: Was it to be reasonably foreseen that water which escaped to the sidewalk would freeze? The second is: Was it reasonably to be foreseen, assuming that the first question be answered affirmatively, that enough water would get on the sidewalk and freeze to probably cause damage to persons using the sidewalk? These inquiries are determinative of defendant's negligence. The second necessarily embraces any question of proximate cause. If both of these questions could have been answered affirmatively by the jury, then it was to be determined whether it used ordinary care in washing the windows to prevent water from getting and remaining on the sidewalk. I think the evidence fairly submits to the jury the question as to whether there was probability that water escaping to the sidewalk would freeze. In the light of this probability, taking into consideration the amount of water used in the operation, was it probable that the amount of ice likely to be formed on the sidewalk produced such a condition that danger to pedestrians using the sidewalk was reasonably to be foreseen? If it was not to be reasonably foreseen that it would, then, defendant would not have been negligent, no matter how you regard the problem. And again, the question arises as to whether, if the foregoing questions could be answered affirmatively, the defendant employed reasonable care in the operation of washing its windows to prevent water escaping

to the sidewalk? * * * Generally, where the test of negligence is the use of reasonable care and no definite standard of care has been established, the question is for the jury, although the facts are not in dispute. For the law holds that reasonable care is such care as reasonably prudent men would use under like circumstances, and the determination of what care a reasonably prudent man would use under like circumstances is peculiarly for the jury. Shearman and Redfield on the Law of Negligence, Sixth Edition, Sections 53 and 54; and see also what is said by Judge Thompson in his Commentaries on the Law of Negligence in Sections 7387 and 7388. He is a writer in whose conclusions I have great confidence. Also *Carrington* v. *Ficklen's Exor., supra.*" And concluding: "On the whole I do not think that the jury's verdict can be properly set aside, and the final judgment entered for the defendant on the ground that it is without evidence to support it."

We are in accord with those expressions.

■ ■ The fact that there is no material conflict in the evidence does not necessarily require that a case be withheld from the jury. If from the unconflicting evidence one reasonable mind might have concluded that the water escaping on the sidewalk would freeze and become dangerous to pedestrians using it, and another equally reasonable mind might reach the opposite conclusion from the identical evidence, the issue properly belonged to the jury. We think that different conclusions might have been drawn from the evidence in the case at bar, and the court below properly held the question of defendant's negligence one of fact for the jury.

The court below thought the closing argument of plaintiff's counsel unwarranted, prejudicial, and not based upon any evidence in the case. Plaintiff's counsel admits that his argument, in the particular indicated, was not proper, but he maintains that it was invited by the unfair argument previously made by defendant's counsel, and that it was not prejudicial. He further claims that the defendant waived any objection to it by not timely excepting.

When defendant's counsel addressed the jury he, in part said: "Now, Gentlemen of the Jury, Mr. Williams sits over yonder in his fine offices and calls in one of his several stenographers and dictates a notice of motion asking a jury to give his client $20,000.00. He's got an idea that because Woolworth's is a big chain store and a corporation, employing ninety-two people in its Danville store, and has a lot of money that he can just come over here regardless of the evidence and mulct it in damages. Mr. Williams is emotional and I say to you that such tactics have no place in the administration of justice in a court of law. * * * There is a tendency among us all to exaggerate our pain and I have no doubt that this good lady is honest and sincere but her statements are not borne out by the medical testimony in this case. I woke up this morning with a crick in my neck and it was painful, but pain soon passes. Nature takes care of those things."

When plaintiff's counsel closed the argument he, in part said: "May it please the Court, and you gentlemen of the jury, when I first came to this bar, some twenty or more years ago——"

Mr. Brown: "Oh, why don't you talk about your law case?"

(Mr. Williams): "Now, if your Honor please, I object to Judge Brown interrupting my argument. When I first came to this bar, twenty-two years ago, he (meaning defendant's counsel) was not representing corporations then. He was a judge. He was a fair and just judge, and I want to compliment him by saying that were he sitting on the bench today, and if this case were before him, I would be willing for him to try the case without a jury, with the assurances that he would give my client a substantial verdict.

"Where has anything been said about a chain store? My friend has represented corporations for so long, I take it he thinks this good lady should go and apologize to Mr. Babb (the local manager of defendant) for falling upon the ice he had placed there."

At the time this objectionable argument was being indulged in, no objection was interposed by counsel for either side. After the argument had been concluded, the case finally submitted to the jury and they were in the jury room considering the verdict, counsel for the defendant for the first time then made an objection and requested the court to declare a mistrial. He did not request the court to instruct the jury to disregard the improper argument.

A bare reading of the excerpts from the argument of both counsel convinces us that both counsel went far afield and injected matters that had no place in the case. Those things to which they referred were not supported by any evidence. We will not attempt to say that one was more to be blamed than the other. Both overstepped the bounds of fair argument.

Defendant's counsel committed the first offense. He invited the improper argument of plaintiff's counsel and therefore is not in position to complain. If either or both had timely objected, the court, no doubt, would have corrected the errors of counsel.

Defendant's counsel told the jury that counsel for plaintiff had instituted the action simply because Woolworth's is a big chain store and a corporation employing 92 people in the Danville store, "and has a lot of money and that he (plaintiff's counsel) can just come over here regardless of the evidence and mulct it in damages". It was a severe charge. Plaintiff's counsel made no objection to the charge which had been made against him, but when he closed the argument he undertook to reply and in doing so used the objectional argument ascribed to him and which also has been previously set out.

The case has been twice tried and each trial has resulted in a substantial verdict. The jury, in the first trial, and the court, in the second, have decided that the defendant was liable. The verdict in the first trial did not indicate that it was reached through bias or prejudice. The plaintiff has suffered a severe injury. She must now undergo an exploratory operation which may or may not relieve her.

The defendant's counsel could have objected to the improper argument as it was made, if he had seen fit. The most objectionable portion was at the beginning of the address of plaintiff's counsel to the jury. The court would have had an opportunity to warn and reprimand counsel and to instruct the jury to disregard it. He advisedly sat by and waited until the case had been given the jury and they had retired before he made any protest.

Our conclusion is that it has not been shown that the defendant was prejudiced by the improper argument; we do not think objection to it was timely made and we also think that it was invited by the argument of defendant's counsel.

We will not undertake to review all of the cases. We can only state general principles. Each case of this kind must be examined under the light of its own circumstances, and we must place it on either one side or the other of a shadow line which we think separates fair argument from that which is unfair.

In *Majestic Steam Laundry* v. *Puckett*, 161 Va. 524, 171 S. E. 491, plaintiff's counsel in an argument to the jury said: "If you give me a verdict of $11,000, I won't go into Mr. Bradley's pocket for one cent of it." It was contended that this statement was tantamount to telling the jury that the defendant carried liability insurance; that the insurance company would have to pay any judgment for damages awarded the plaintiff; and that not one cent of damages would have to be paid by the defendant.

This court held that to bring before the jury evidence of liability insurance in that class of automobile damage suits was improper, but in that case the offending statement had been provoked by defendant's counsel who had previously told the jury that Mr. Bradley was a hard-working man and here was "a police officer from Detroit down here to go into the pockets of Mr. Bradley." The court also concluded that no objection had been made to the improper statement and for that added reason the assignment was without merit.

In *Diamond Cab Co.* v. *Jones*, 162 Va. 412, 174 S. E. 675, where a taxicab had injured the plaintiff, we held counsel's statement to the jury, in these words, was not cause for reversal of the judgment: "My friend says that when a cab is concerned, one's imagination runs wild. It don't have to run wild. The cab runs wild." It was held that the offending statement was then provoked by a prior statement of the defendant's counsel. It was also held that inasmuch as no mistrial had been asked for, and the jury having been cautioned to disregard the improper statement of plaintiff's counsel, the defendant had suffered no prejudice.

In *Miller* v. *Jones*, 174 Va. 336, 6 S. E. (2d) 607, counsel for defendant objected to the improper argument of plaintiff's counsel, and the court instructed the jury to disregard it. After the jury had retired to consider the verdict, counsel for defendant moved for a new trial which was refused. We refused to reverse the judgment because we were of opinion that no prejudice had resulted.

In *Bloxom* v. *McCoy*, 178 Va. 343, 17 S. E. (2d) 401, this court held that objection to improper argument came too late after the case had been submitted to the jury, but in that case counsel did not ask for a mistrial or that the court tell the jury to disregard the improper argument.

In *Chesapeake, etc., Ry. Co.* v. *Folkes*, 179 Va. 60, 18 S. E. (2d) 309, we held that objection to improper remarks of counsel must be timely made or the objection will be deemed to have been waived.

It is difficult to make hard and fast rules regarding this subject. We are unwilling to say that in all cases an objection to improper argument and a motion for a mistrial therefor will come too late, after the case has been given to the jury but before verdict. There may arise cases in which that procedure might be justified. Cases must be reviewed, when they arise, upon the attendant circumstances. To prevent a manifest injustice there may be cases in which a delayed objection and a motion for a mistrial may be entertained by the court after the jury has been given the case, but such cases would certainly be exceptional.

In the case at bar, we do not think the trial court should have disturbed the verdict in the first trial. The argument was improper, but invited by counsel for defendant. No prejudice to the defendant has been shown and the application for the mistrial came too late.

The verdict for $6,000 found by the jury in the first trial is reinstated and judgment is now entered thereon against the defendant and in favor of the plaintiff. All subsequent proceedings to that verdict are annulled.

*Reversed and final judgment.*