# Richmond

## Nationwide Mutual Insurance Company v. Carol Edith Hudson Sours.

November 30, 1964.

Record No. 5797.

Present, Eggleston, C. J., and Spratley, Buchanan, Snead, I'Anson and Carrico, JJ.

*W. C. Thompson,* for the plaintiff in error.

*Coleman B. Yeatts,* for the defendant in error.

EGGLESTON, C. J., delivered the opinion of the court.

Carol Edith Hudson Sours, hereinafter called the plaintiff, filed in the court below a motion for judgment against Nationwide Mutual Insurance Company seeking to recover $6,000 and costs, the amount of a judgment which, she alleged, she had obtained against John Doe, an unknown motorist, and which she claimed was due to her under a policy issued by the Insurance Company covering a car owned by Chalmer F. Swartz.

The motion alleged that on October 22, 1961, the plaintiff, while driving the car with the consent of its owner, was involved in an accident with another motor vehicle driven by an unknown motorist; that at that time the car was covered by a policy issued by the Insurance Company containing a provision protecting the plaintiff from injuries sustained in an accident caused by the negligence of the unknown operator of another vehicle; that pursuant to the statute she had instituted a suit against such unknown operator under the name of "John Doe;" that process was served on the Insurance Company which filed an answer and defended the action, and that such action had resulted in a judgment in her favor in the sum of $6,000 and costs which has not been paid.

The Insurance Company defended the present action on the ground that it was not liable to the plaintiff under its policy because, it said, (1) neither the plaintiff nor anyone on her behalf had within five days of the accident filed a written report thereof with the Division of Motor Vehicles as required by Code (Repl. Vol. 1953), 1960 Cum. Supp., § 38.1-381(d), as amended, and (2) neither the plaintiff nor anyone on her behalf had filed with the Insurance Company within thirty days of the filing of the report with the Division a statement under oath setting forth the facts of the accident as required by the terms of the policy.

By consent of the parties the evidence was heard and the case submitted to the lower court without a jury. The court overruled both defenses of the Insurance Company and entered judgment against it in favor of the plaintiff for the amount sued for. We granted the defendant Insurance Company a writ of error.

On this appeal the Insurance Company does not question the validity of the judgment which the record shows that the plaintiff recovered against the unknown operator in the John Doe proceeding. Neither does it question that the policy which the record shows was issued to Chalmer F. Swartz, the named insured, covering the car involved in the accident, carried a provision agreeing "To pay all sums which the Insured * * * shall be legally entitled to recover as damages from the owner or operator of an uninsured automobile because of: (a) bodily injury, * * * sustained by the Insured," nor that under the terms of the policy the "Insured" included any other person using the insured automobile with the permission of the "Named Insured." Nor does the Insurance Company question that at the time of the accident the plaintiff was using the car with the permission of the "Named Insured" within the meaning of the terms of the policy. Its only contention is that the lower court erred in not denying coverage to the plaintiff under the policy on the grounds asserted by it at the trial of this action.

The evidence shows that the car which the plaintiff was driving at the time of the accident was owned by Mrs. Chalmer F. Swartz who lived with her husband, James E. Swartz, in Newport News. The husband drove the car to Danville and loaned it to the plaintiff, Mrs. Sours. On October 22, 1961, while Mrs. Sours was driving the car on Route 57, near Danville, it left the highway, struck a telephone pole, and was badly damaged.

Immediately after the accident Mrs. Sours was taken to a hospital in Danville where she remained for forty-six days. She suffered a concussion of the brain and was unconscious for seven days.

In the meantime, on October 24, two days after the accident, pursuant to Code (Repl. Vol. 1958), § 46.1-400, as amended, Swartz filled out a report of the accident on a form provided by the Division of Motor Vehicles and denominated "SR 300." This report described the car and stated that it had been loaned to Mrs. Sours; that while she was driving it on Route 57 in Pittsylvania county, on October 22, it struck a telephone pole and was a "total loss." The report also showed that Mrs. Sours had suffered a "brain concussion," and that "She is unconscious as of this date and no information is available. No other passengers in vehicle." No mention was made in the report of any other vehicle being involved.

Swartz returned to Newport News, had his wife sign the report,

and mailed it to the Division of Motor Vehicles at Richmond where it was received on October 26.

Mrs. Swartz testified that she was not acquainted with Mrs. Sours and that the report which she signed and her husband forwarded to the Division was not intended for the benefit of Mrs. Sours. Swartz testified that the representative of the insurance company which carried the collision insurance on the car required that the report be filed before the collision damage was settled.

Swartz also testified that upon his return to Newport News, and within three or four days after the accident, he notified the local agent of Nationwide, from whom he had procured the policy, of the accident. This agent told him (Swartz) that he would file with the company the necessary report of the accident.

Mrs. Sours, the plaintiff, did not file with the Division of Motor Vehicles any report of the accident.

█ The first contention of the Insurance Company is that the plaintiff is not entitled to recover under the policy, because it says that neither she nor anyone on her behalf had filed with the Division of Motor Vehicles a report of the accident within five days thereof, as required by Code (Repl. Vol. 1953), 1960 Cum. Supp., § 38.1-381, subsection (d), as amended. This subsection provides: "If the owner or operator of any motor vehicle which causes bodily injury or property damage to the insured be unknown, *the insured or someone on his behalf, in order for the insured to recover under the endorsement*, shall report the accident as required by § 46.1-400,[1] unless such insured is reasonably unable to do so, in which event the insured shall make such report as soon as reasonably practicable under the circumstances." (Emphasis added.)

The Insurance Company contends that under the provisions of § 38.1-381 (d) it was the duty of the plaintiff or someone on her behalf, as a prerequisite to her right to recover under the terms of the policy, to file with the Division of Motor Vehicles, within five

---

[1] Code (Repl. Vol. 1958), § 46.1-400, as amended, provides:

"(a) The driver of a vehicle involved in an accident resulting in injury to or death of any person or total property damage to an apparent extent of fifty dollars, or more, shall, within five days after the accident, make a written report of it to the Division.

"(b) The Commissioner may require any driver of a vehicle involved in any accident of which report must be made to file a supplemental report whenever any report is insufficient in his opinion and he may require witnesses of accidents to render reports to the Division. A wilful failure to file the report required in this section shall constitute a misdemeanor and be punishable under § 46.1-16."

days of the accident, a written report thereof, and that since no such report was filed her recovery is barred. We agree with the holding of the lower court that the report of the accident which Mrs. Swartz, the named insured in the policy, filed with the Division satisfied the requirements of § 38.1-381(d) and entitled the plaintiff to maintain this action.

It will be observed that § 46.1-400 provides that, "The driver of a vehicle" involved in an accident must make a written report. Section 38.1-381(d) requires that "the insured or someone on his behalf" shall file such report. Both § 38.1-381, which specifies the provisions which must be incorporated in an uninsured motorist policy, and the policy itself, provide that the term "insured" includes the "named insured." It is undisputed that the named insured, Mrs. Swartz, the owner of the car, filed a written report of the accident. While this report did not indicate that the unknown driver of another vehicle was involved in the accident, neither § 38.1-381(d) nor § 46.1-400 requires such disclosure.

These statutes requiring the filing of accident reports are police regulations intended for the collection of data which may be useful in preventing other accidents. They are not designed to affect the rights of a party in an action to recover for injuries sustained in an automobile accident. *Diamond Cab Co. v. Jones,* 162 Va. 412, 416, 174 S. E. 675.

We hold that in the present case the purpose and requirements of Code, § 38.1-381(d) were satisfied by the filing of the accident report by the named insured, Mrs. Swartz. It is true, as has been said, that Mrs. Swartz and her husband testified that the report which they filed was not intended for the benefit of the plaintiff, but to facilitate the collection of collision damage insurance on the Swartz car. However, the report indicated that the plaintiff had been seriously injured in the accident, and to that extent was for her benefit. The filing of a duplicate report by the plaintiff would have served no useful purpose.

The conclusion which we have reached is in accord with our previous holding that the Virginia uninsured motorist legislation, of which § 38.1-381 is a part, is remedial in nature and should be liberally construed. *State Farm Mut. Automobile Ins. Co. v. Brower,* 204 Va. 887, 891, 892, 134 S. E. 2d 277, 281.

■ The second contention of the Insurance Company is that the plaintiff is not entitled to recover under the policy because it says

that neither she nor anyone on her behalf filed with it within thirty days of the filing of the report with the Division of Motor Vehicles a statement under oath setting forth the facts of the accident as required by certain terms of the policy.

This defense is based upon proviso (ii) found in the "Insuring Agreements" relating to a "Hit-and-Run Automobile." After providing that the term "uninsured automobile" includes a "hit-and-run automobile as defined," the policy defines the latter term thus:

"*Hit-and-Run Automobile*. The term 'hit-and-run automobile' means an automobile which causes bodily injury to an Insured or property damage arising out of physical contact of such automobile (1) with the Insured or (2) with an insured automobile, provided: (i) there cannot be ascertained the identity of either the operator or the owner of such 'hit-and-run automobile;' (ii) the Insured or someone on his behalf shall have reported the accident within 5 days or as soon as practicable to the Commissioner of Motor Vehicles, and shall have filed with the Company within 30 days thereafter a statement under oath that the Insured or his legal representative has a cause or causes of action arising out of such accident for damages against a person or persons whose identity is unascertainable, and setting forth the facts in support thereof; * * *."

It is plain from the language here used that these provisions apply to "an automobile which causes bodily injury to an Insured or property damage arising out of *physical contact of such automobile* (1) with the Insured or (2) with an insured automobile." (Emphasis added.)

In the present case there is no evidence that the plaintiff's claim arises out of "physical contact" of such hit-and-run automobile with the insured or with the insured automobile. The only evidence before us in the present record as to how the accident occurred is the statement of the plaintiff that the other car was on her "side of the road" and "ran" her "out of the road." There is no evidence of a "physical contact" between the two cars. Hence the notice requirement in proviso (ii), upon which the Insurance Company relies, has no application here.

But even if proviso (ii) were construed to apply to the present claim of the plaintiff, it would clearly be invalid for the reason that it imposes on the insured a condition beyond those incorporated in Code, § 38.1-381, which fixes the terms and obligations of a policy of this character.

The first portion of proviso (ii) is conditioned upon the insured or someone on his behalf filing a report of the accident with the Commissioner of Motor Vehicles within five days. This is in accord with the requirement of § 38.1-381(d), *supra*. But the remaining portion of the proviso is conditioned upon the filing by the insured or someone on his behalf with the Insurance Company, within thirty days of the filing of an accident report with the commissioner, of a statement under oath that the insured or his legal representative has a cause of action arising out of such accident against a person or persons whose identity is unascertainable and setting forth the facts in support thereof. There is no requirement in the statute for the filing of such a statement with the Insurance Company. Code, § 38.1-381.

Moreover, the requirement for such statement, embodied in the policy, is in conflict with § 38.1-381(g) which provides, with respect to the provisions of a policy, "nor may anything be required of the insured except the establishment of legal liability."

On the whole we find that the judgment of the lower court is plainly right and accordingly it is

*Affirmed.*