**Thelma F. GUTHRIE, Plaintiff,**

v.

**STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Defendant.**

**Civ. A. No. 67–361.**

United States District Court
D. South Carolina,
Columbia Division.

Feb. 20, 1968.

N. Welch Morrisette, Jr., Columbia, S. C., for plaintiff.

Edward C. Cushman, Jr., of Henderson, Salley, Cushman & Bodenheimer, Aiken, S. C., for defendant.

## ORDER

HEMPHILL, District Judge.

Plaintiff seeks payment by defendant State Farm Mutual Automobile Insurance Company under the uninsured motorist endorsement contained in a policy of insurance issued by defendant. The matter was heard before the court on December 5, 1967 sitting without a jury. This court, as directed, must find and state separately its facts and conclusions of law.

## FINDINGS OF FACT

1. On or about October 11, 1963, defendant State Farm Mutual Automobile Insurance Company issued at Charlottesville, Virginia, and delivered at Lynchburg, Virginia, to plaintiff Thelma F. Guthrie, a resident of Lynchburg, Virginia, its certain family automobile policy numbered 4419 688–B26–46, covering the operation of a 1961 model four door Plymouth automobile, which was owned by the plaintiff, for a policy period extending from October 11, 1963 to February 28, 1964.

On Saturday morning, January 25, 1964 plaintiff was riding as a passenger on a bus owned and being operated by Carolina Scenic Stages, and when, at a point approximately fifteen miles south of the City of Edgefield, in the County of Edgefield, State of South Carolina, a collision occurred between the bus on which plaintiff was riding and an automobile owned and being operated by Louis Johnson, a citizen and resident of Edgefield County, South Carolina.

In the course of this collision plaintiff received severe personal injuries, Louis Johnson was killed, and many other passengers on the bus were injured. One passenger on the bus was killed.

2. At the time of the accident, the bus was insured under a policy of automobile liability insurance issued by Kansas City Fire and Marine Insurance Company, the liability coverage afforded by said policy being in amounts not less than those required by the law of the State of Virginia; and, also, with coverage under that policy affording protection to occupants of the bus against injuries inflicted by an uninsured motorist in amounts not less than those required by the law of the State of Virginia.

3. The Johnson automobile involved was insured under a policy of automobile liability insurance issued by Seaboard Fire and Marine Insurance Company with a single limit of Twenty-five Thousand and No/100 ($25,000.00) Dollars.

4. Plaintiff, having advised defendant of the possibility of exposure to liability under defendant's uninsured motorist endorsement, determined it prudent and advisable to conclude any claim of liability against the common carrier, in this instance, Trailways Bus Company, Carolina Scenic Division, by a covenant not to sue for the amount of $12,500, expressly reserving the right to proceed against others for adequate compensation for injuries sustained by plaintiff.

5. On February 8, 1966, and as a result of the accident Thelma F. Guthrie brought an action for damages in the Court of Common Pleas for Edgefield County, South Carolina, against the Administratrix of The Estate of Louis Johnson. On February 16, 1966 copies of the Summons and Complaint in that action were served in Charlottesville, Virginia, . on the Registered Agent for the instant defendant, State Farm Mutual Automobile Insurance Company; and copies of the Summons and Complaint in that action were, on February 23, 1966, served on the Chief Insurance Commissioner of

South Carolina as attorney for service of process on behalf of the instant defendant, State Farm Mutual Automobile Insurance Company.

6. On May 5, 1967, in the action brought in Edgefield County, South Carolina, Thelma F. Guthrie recovered the following verdict against the Administratrix of The Estate of Louis Johnson:

We find for the plaintiff Thirteen Thousand Seven Hundred Fifty Dollars actual damages in excess of the amount of Twelve Thousand Five Hundred Dollars which she has already received.

/s/ J. C. Timmerman, Jr.
Foreman

A judgment was entered on the verdict on May 10, 1967, with costs being taxed in the amount of Five and No/hundredths ($5.00) Dollars. Thereafter, Thelma F. Guthrie received as payment on said judgment the sum of Two Thousand Four Hundred and Fifty ($2,450) Dollars, this being the remaining, unexpended balance of the liability coverage afforded by the policy of automobile liability insurance issued by Seaboard Fire and Marine Insurance Company to cover the operation of the Johnson automobile.

7. Defendant State Farm Mutual Insurance Company was not a participant in any way in action against the Administratrix of the Estate of Louis Johnson. There remains uncollected on the judgment obtained in Edgefield County, South Carolina, a balance of Eleven Thousand Three Hundred and Five ($11,305) Dollars, plus interest from May 10, 1967 at the rate of six (6%) per cent per annum. There are no assets in the Estate of Louis Johnson out of which this remaining balance can be collected.

8. Defendant State Farm was properly served with notice of the commencement of the action by the plaintiff against the estate of Louis Johnson and invited to take such part as it felt advisable in the proceedings. State Farm took no action and preferred to view the entire proceedings from a distance and rely on provisions of its liability policy issued to the plaintiff respecting uninsured motorist coverage. The particular provisions relied on are contained in Part IV of the policy designated "Family Protection Against Uninsured Motorists." The uninsured motorist endorsement is in the policy pursuant to Section 38.1–381, et sequitur of the Code of Virginia and all Acts amendatory thereof or supplementary thereof.

Contained in Part IV of the policy is the following Exclusion:

This coverage does not apply:

(b) to bodily injury to an insured, care of loss of services recoverable by an insured or injury to or destruction of property of an insured, with respect to which such insured or his legal representative shall, without written consent of the company, make any settlement with any person or organization who may be legally liable therefor;

Also contained in Part IV of the policy is the following Condition, numbered 6:

With respect to bodily injury to an insured while occupying an automobile not owned by the named insured, the insurance hereunder shall apply only as excess insurance over any other similar insurance available to such insured and applicable to such automobile as primary insurance, and this insurance shall then apply only in the amount by which the limit of liability for this coverage exceeds, the applicable limit of liability of such other insurance.

9. Defendant State Farm Mutual Automobile Insurance Company denied liability under its uninsured motorists endorsement from the outset and refused to participate in any negotiations or litigation made necessary by injuries received by the plaintiff.

## CONCLUSIONS OF LAW

A. This court has jurisdiction to determine this matter by reason of

diversity of the parties and jurisdictional amount exceeding $10,000.

██ **B.** Under Virginia law, it is well settled that an action for recovery under an uninsured motorist endorsement is subject to the condition that the insured establish legal liability on the part of the uninsured motorist. An "ex delicto" action is necessary to establish this prerequisite liability and the amount of awarded damages. After judgment is obtained against an uninsured motorist, a direct action, one ex contractu, must be brought to recover against the insurer on its uninsured endorsement. At this time certain policy defenses may be raised. Doe v. Brown, 203 Va. 508, 125 S.E.2d 159. Rodgers v. Danko, 204 Va. 140, 129 S.E.2d 828. See also Hatchett v. Nationwide Mutual Insurance Company, 244 S.C. 425, 137 S.E.2d 608 (1964).

**C.** In the case of Hodgson v. Doe, the Virginia courts held that:

> [T]he endorsement required by § 38.1–381(b) on a plaintiff's insurance policy has no territorial limitation, but binds the insurance company to pay the insured all sums which he should be legally entitled to recover as damages from the owner or operator of an uninsured motor vehicle. * * * To limit the coverage of the endorsement to accidents happening in Virginia would be to create a limitation which the statute does not contain. 203 Va. 938, at 942, 128 S.E.2d 444, at 447; quoted in Bryant v. State Farm Mutual Automobile Ins. Co., 205 Va. 897, 140 S.E.2d 817, at 819 (1965).

██ **D.** A vehicle is uninsured and within the ambit of the Virginia Uninsured Motorist Statute[1] if it has liability coverage of less than $15,000 per person or less than $30,000 per accident. White v. Nationwide Mutual Insurance Company, 361 F.2d 785 (4 Cir. 1966). The court finds that the policy issued by

Seaboard Fire and Marine Insurance Company on the vehicle of the deceased Louis Johnson was below the statutory requirements of the State of Virginia and the court further finds that the Johnson vehicle was uninsured within the meaning of the Virginia Uninsured Motorist Act.

██ **E.** The uninsured motorist law was enacted to protect the injured party and for this reason it should be liberally construed in favor of the injured party in order to effectuate the intention of the legislature. Bryant, supra, quoting from Storm v. Nationwide Mutual Ins. Co., 199 Va. 130, 135, 97 S.E.2d 759, 762, 69 A.L.R.2d 849.

██ The statute is the controlling instrument and provisions in the policy which conflict with the statute either by adding to or by restricting its requirements, are void and ineffective. Bryant, supra.

██ **F.** This court, in matters based on diversity and jurisdictional amount, is bound by decisions and interpretations of the Supreme Court of Appeals of Virginia in regard to the scope and intent of the uninsured motorist statute. White v. Nationwide Mutual Insurance Company, supra. The Supreme Court of Appeals of Virginia has held invalid a provision of Part IV Section Six in a liability policy which stated:

> With respect to bodily injury to an insured while occupying an automobile not owned by the named insured under this coverage, the insurance hereunder shall apply only as excess insurance over any other similar insurance available to such occupant, and this insurance shall then apply only in the amount by which the applicable limit of liability of this coverage exceeds the sum of the applicable limits of all such other insurance.

The court held that the provision of the policy violated Section 38.1–381(b)[2]

---

1. Va.Code Ann. § 38.1–381(c) and § 46.1–1 (8).

2. Va.Code Ann. § 38.1–381(b) states, "Nor shall any such policy or contract

relating to ownership, maintenance or use of a motor vehicle be so issued or delivered unless it contains an endorsement or provisions undertaking to pay the in-

because the mandate of the statute commands that no policy may be issued unless it will pay the insured "all sums" which he is legally entitled to recover as damages from an uninsured motor vehicle within the policy limits. To restrict the insured to recovery of damages which exceed similar insurance available to him places a limitation on the requirements of the statute and conflicts with the plain terms of the statute. *Bryant*, supra.

▮ The provision of the plaintiff's policy relied on by the defendant vary slightly in language but in no way vary in intent. The clause is clearly invalid under the meaning of the statute as interpreted by the Supreme Court of Appeals of Virginia in the *Bryant* case. Defendant cannot under these circumstances, rely on the policy issued by Kansas City Fire and Marine Insurance Company.

G. Defendant contends that plaintiff cannot now rely on his uninsured motorist endorsement because plaintiff has breached Part Four, Condition Six[3] of the uninsured motorist endorsement, by settling with Trailways Bus Company,

Carolina Scenic Division, and giving a covenant not to sue. This contention is without merit and to no avail.

▮ The statutory language requires only that the insured establish the liability of the uninsured motorist[4] and that he give his insurer notice of suit or notice of motion or of judgment, and such must be filed with the insurer.[5]

▮ There is no need for cooperation between the insurer and the insured in connection with an uninsured motorist because they are, in effect and practically speaking, adversaries. Therefore, except for the establishment of liability, the only prerequisite which has survived judicial interpretation is that service of process be served on the insurer when suit is initiated against an uninsured. This gives the insurer the right to file pleadings and defend the uninsured motorist.[6]

▮ Therefore Section 38.1–381(g) renders void any condition of a policy which restricts the insured's rights to recover under the policy. The insurer may not rely on, as a defense, any condition which is in contradiction of the expressed intention of the statute.[7]

---

sured all sums which he shall be legally entitled to recover as damages from the owner or operator of an uninsured motor vehicle, within limits which shall be no less than the requirements of § 46.1–1(8), as amended from time to time, of the Code herein."

3. Part Four of the policy is designated Family Protection Against Uninsured Motorist.

4. Va.Code Ann. § 38.1–381(g) (1964 Supp.) states "No such endorsement or provisions shall contain any provision requiring arbitration of any claim arising under such endorsement or provisions, nor may anything be required of the insured except the establishment of legal liability, nor shall the insured be restricted or prevented in any manner from employing legal counsel or instituting legal proceedings."

5. Va.Code Ann. § 38.1–381(e) (1). Any insured intending to rely on the coverage required by paragraph (b) of this section shall, if any action is instituted against the owner or operator of an uninsured motor vehicle, serve a copy of

the process upon the insurance company issuing the policy in the manner prescribed by law, as though such insurance company were a party defendant; such company shall thereafter have the right to file pleadings and take other action allowable by law in the name of the owner or operator of the uninsured motor vehicle or in its own name; provided, however, that nothing in this paragraph shall prevent such owner or operator from employing counsel of his own choice and taking any action in his own interest in connection with such proceeding.

6. Denny, Uninsured Motorist Coverage— Present and Future, 62 Va.L.Rev. 538 (1966).

7. Uninsured Motorist Coverage in Virginia, 47 Va.L.Rev. 147 (1961); see also Matthews v. Allstate Insurance Company, 194 F.Supp. 459 (E.D.Va.1961) holding that an insurer could not put provision in liability policy requiring that insurer be served with summons and complaint. (The Act was amended to remedy this procedural error); Nationwide Mutual Insurance Co. v. Sours, 205 Va. 602,

H. The court finds that the conditions expressed in Part Four, Condition Four of the policy are violative of the expressed intention of Sections 38.1–381 (g). Defendant owes plaintiff judgment in the sum of $11,350.00 plus interest from May 10, 1967.

Let the Clerk enter judgment for plaintiff accordingly.

And it is so ordered.

139 S.E.2d 51 (1964) holding that provision of policy cannot require a statement of facts or report of the accident to be filed with the insurer.