## Richmond

NATIONWIDE MUTUAL INSURANCE COMPANY v. CLIFFORD CLARK.

March 5, 1973.

Record No. 8068.

Present, All the Justices.

*Fred W. Bateman* (*Bateman, West & Beale*, on brief), for plaintiff in error.

*Robert E. Brown* (*Charles H. Gordon; Howell, Anninos & Daugherty*, on brief), for defendant in error.

HARRISON, J., delivered the opinion of the court.

This case requires a construction of Code § 38.1-381 (d). Clifford Clark, while riding as a guest in a vehicle owned and operated by William P. Dawson, was injured in an automobile accident that occurred on June 28, 1968. Clark brought an action alleging negligence on the part of Dawson and John Doe, the latter being an unknown motorist. Nationwide Mutual Insurance Company defended on behalf of both defendants by virtue of its liability insurance policy with Dawson and in accordance with the uninsured motorist endorsement on the policy. Clark recovered a judgment against John Doe which Nationwide refused to pay on the ground that neither its in-

sured nor anyone on his behalf filed a report of the accident as required by Code § 38.1-381 (d). Clark thereafter instituted this action against Nationwide.

The facts are not in controversy. It is stipulated that neither Dawson nor Clark, or anyone on their behalf, filed a written report of the accident as required by Code § 38.1-381 (d); that the investigating police officer and parties other than Dawson and Clark filed reports of the accident with the Division of Motor Vehicles; and that on or before December 9, 1968 Nationwide advised the Division of Motor Vehicles that it had in effect an automobile liability insurance policy insuring Dawson.

Upon the agreed stipulation of facts both Clark and Nationwide moved for a summary judgment. The court below granted Clark's motion and Nationwide is here on appeal. The sole issue is whether or not the failure of Dawson and Clark, or someone on their behalf, to file a written report of the accident of June 28, 1968 in which Clark was injured precludes him from maintaining this action against Nationwide.

Clark points out that in construing the uninsured motorist statutes this court has consistently held that the statutes must be liberally interpreted to afford relief to the injured. *Grossman* v. *Glens Falls Ins. Co.*, 211 Va. 195, 176 S. E. 2d 318 (1970); *Nationwide Mutual* v. *Sours*, 205 Va. 602, 139 S. E. 2d 51 (1964); *State Farm Mutual* v. *Brower*, 204 Va. 887, 134 S. E. 2d 277 (1964). He argues that since it is admitted that Nationwide had actual notice of the accident and that reports thereof were filed by the police officer and by other parties the statutory requirements of Code § 38.1-381 (d) were met. It is further his position that such requirement of notice is not a mandatory requirement or a condition precedent to recovery from the insurer.

Code § 38.1-381 (d) reads as follows:

"If the owner or operator of any motor vehicle which causes bodily injury or property damage to the insured be unknown, the insured or someone on his behalf, in order for the insured to recover under the endorsement, shall report the accident as required by § 46.1-400, unless such insured is reasonably unable to do so, in which event the insured shall make such report as soon as reasonably practicable under the circumstances."

Code § 46.1-400 (a) provides:

"The driver of a vehicle involved in an accident resulting in injury to or death of any person or total property damage to an apparent extent of one hundred dollars, or more, shall, within five days after the accident, make a written report of it to the Division."

We had occasion to consider Code § 38.1-381 (d) in *Nationwide Mutual* v. *Sours, supra.* There the plaintiff Sours was operating a vehicle owned by Mrs. Chalmer F. Swartz. The owner's husband loaned the automobile to Mrs. Sours who subsequently had an accident which she alleged was caused by the negligence of an unknown operator of another vehicle. She recovered judgment against a John Doe and then made claim against Nationwide Mutual under its policy issued to Mrs. Swartz. Nationwide defended on the ground that Mrs. Sours did not file with the Division of Motor Vehicles the notice required by Code § 38.1-381 (d). It developed that within 5 days after the accident the owner had filed a report thereof with the Division of Motor Vehicles. The lower court held that this action on the part of Mrs. Swartz complied with the statute. On appeal we affirmed, and said:

"It will be observed that § 46.1-400 provides that, 'The driver of a vehicle' involved in an accident must make a written report. Section 38.1-381 (d) requires that 'the insured or someone on his behalf' shall file such report. Both § 38.1-381, which specifies the provisions which must be incorporated in an uninsured motorist policy, and the policy itself, provide that the term 'insured' includes the 'named insured.' It is undisputed that the named insured, Mrs. Swartz, the owner of the car, filed a written report of the accident. While this report did not indicate that the unknown driver of another vehicle was involved in the accident, neither § 38.1-381 (d) nor § 46.1-400 requires such disclosure.

\* \* \* \* \*

"We hold that in the present case the purpose and requirements of Code, § 38.1-381 (d) were satisfied by the filing of the accident report by the named insured, Mrs. Swartz. It is true, as has been said, that Mrs. Swartz and her husband testified that the report which they filed was not intended for the benefit of the plaintiff, but to facilitate the collection of collision damage insurance on

the Swartz car. However, the report indicated that the plaintiff had been seriously injured in the accident, and to that extent was for her benefit. The filing of a duplicate report by the plaintiff would have served no useful purpose." 205 Va. at 606, 139 S. E. 2d at 54.

In *John Doe* v. *Brown*, 203 Va. 508, 125 S. E. 2d 159 (1962) the plaintiff did not within five days after the accident make a written report of it to the Division of Motor Vehicles as provided by Code § 38.1-381 (d). However, that was not an action arising *ex contractu* to recover against an insurance company on its uninsured motorist endorsement. The company was not a party defendant, and no judgment could have been entered against it in the action. Brown's action was *ex delicto* and the only issues presented there concerned the legal liability of the unknown and uninsured motorist, John Doe, and the fixing of damages, if any. We held that notice of the accident to the Division of Motor Vehicles was not required in such an action and was not a prerequisite to plaintiff's maintaining his action against the defendant, John Doe. *See also Rodgers* v. *Danko*, 204 Va. 140, 129 S. E. 2d 828 (1963), and the discussion in 48 Va. L. Rev. 1186.

We have previously had occasion to construe other subsections of Code § 38.1-381. In *Creteau* v. *Phoenix Assurance Co.*, 202 Va. 641, 119 S. E. 2d 336 (1961) the plaintiff failed to comply with Code § 38.1-381 (e) (1). For such failure the trial court sustained a demurrer to plaintiff's motion for judgment against the company. In affirming this action we held:

"The language of subsection (e) (1) is clear and unequivocal. It provides that if an insured intends to rely on the coverage required by subsection (b) he '*shall*, if any action is instituted against the owner or operator of an uninsured motor vehicle, serve a copy of the process upon the insurance company issuing the policy in the manner prescribed by law, as though such insurance company were a party defendant; * * * .' (Italics supplied.) It is evident that a copy of the process must be served on the insurance company before it may be held liable under the uninsured motorist act. The language employed is mandatory and establishes a condition precedent to the benefits of the statute unless waived by the insurance company. Plaintiff stated in her amended motion for judgment that a copy of the process was not served upon Phoenix in her action against Rawls. Such being the case she failed to meet the

statutory requirements." 202 Va. at 643-44, 119 S. E. 2d at 339. *See also Roenke* v. *Va. Farm Bureau Ins. Co.,* 209 Va. 128, 161 S. E. 2d 704 (1968).

Turning again to the language of subsection (d) of Code § 38.1-381, it too is clear and unequivocal. It provides that where an unknown operator of a motor vehicle causes bodily injury or property damage to an insured motorist, *"the insured or someone on his behalf, in order for the insured to recover under the endorsement, shall report the accident as required by § 46.1-400 unless such insured is reasonably unable to do so".* (Italics supplied.) The language employed is mandatory and establishes a condition precedent to the benefits of the statute, unless waived by the insurance company. The statute refers to an action which arises *ex contractu,* for its requirements are qualified by the words "in order for the insured to recover under the endorsement". The statute uses the words "*shall* report the accident". Code § 38.1-381 (c) defines "insured" as not only the named insured but also a guest in the motor vehicle to which the policy applies.

We have heretofore held in *Nationwide Mutual* v. *Sours, supra,* that the filing of the accident report by the insured named in the policy satisfies the purposes and requirements of § 38.1-381 (d). Had William P. Dawson filed such a report in the instant case the statute would have been satisfied. However, it is concessum that no one who qualified as "the insured" under Nationwide's policy held by Dawson, or anyone on behalf of such "insured", reported the accident of June 28, 1968. The report made by the investigating officer was made pursuant to Code § 46.1-401, and not for the benefit of Dawson or Clark.[1] The record is silent as to the identity or status of "parties other than . . . Dawson and . . . Clark" who filed reports.

Our conclusion is that satisfaction of the requirement of Code § 38.1-381 (d) is a prerequisite to a recovery under uninsured motorist coverage. The language of the statute leaves no doubt as to its intent and purpose.

The uninsured motorist law is primarily concerned with providing adequate compensation for injured insureds when other sources are lacking. It does not create insurance for the uninsured motorist or the uninsured automobile. The importance of reporting an accident

---

[1] This is therefore unlike the report of the police officer in *Heller* v. *City of Virginia Beach,* 213 Va. 683, 194 S.E. 2d 696 (1973) which we held was made by the officer as agent or representative of the claimant.

involving bodily injuries and property damages, caused by the owner of a vehicle who is unknown, is obvious. Delay in reporting the accident—and in alerting those entitled to know the details thereof, the injuries involved and damages done—could cause a delay in the investigation. This could result in a failure to discover the identity of the unknown motorist and the imposition of liability where it does not primarily belong.

For the reasons given, the judgment of the court below is reversed and final judgment will be entered here for Nationwide Mutual Insurance Company.

*Reversed and final judgment.*