0330

NATIONWIDE MUTUAL INSURANCE COMPANY, Appellant, v. Gene Lindsey HOWARD and Northland Insurance Company, Respondents.

(324 S. E. (2d) 323)

Court of Appeals

*F. Dean Rainey, Jr.,* of *Rainey, Britton, Gibbes & Clarkson,* Greenville, *for appellant.*

*Eugene C. Covington, Jr.,* of *Foster, Covington & Patrick,* Greenville, and *Nelson, Mullins, Grier & Scarborough,* Columbia, *for respondents.*

Heard April 17, 1984.

Decided Dec. 10, 1984.

SHAW, Judge:

The appellant Nationwide Mutual Insurance Company brought this action for a declaratory judgment of the amount of úninsured motorist protection it owes the respondent Gene Lindsey Howard. The trial court determined Howard could add or "stack" the uninsured motorist coverage provided by separate policies. We affirm.

Howard was seriously injured when one of his eight vehicles was hit by an unidentified motorist. Two of Howard's vehicles, including the truck involved in the wreck, were covered by a policy with respondent Northland Insurance Company providing uninsured motorist protection with minimum personal injury benefits of $15,000 per person and $30,000 per accident. The three other vehicles were covered by separate Nationwide policies containing single limit uninsured motorist endorsements of $35,000. At the time of trial Howard had incurred medical expenses of $60,000. In a John Doe action against the uninsured motorist Howard recovered a $500,000 judgment. *Gene Lindsey Howard v. John Doe*, Greenville County Court of Common Pleas, C. A. No. 81-CP-23-662.

S. C. Code Ann. Section 56-9-820 (1976) requires that all automobile liability insurance policies be issued with the following minimum coverage: $15,000 per person per accident, $30,000 for two or more persons per accident, and $5,000 for property damage. Under Section 56-9-830 "no such policy ... shall be issued ... unless it contains ... uninsured motorist [protection] within [the same] limitations." Under Section 56-9-831 (1976 & Supp. 1983) [third sentence] if "an insured ... is protected by uninsured or underinsured motorist coverage in excess of the basic limits," then stacking shall be proscribed. Thus no stacking of insurance policies will be allowed if the insured has protection in excess of the limits set forth in Section 56-9-820; however, as Nationwide conceded in its brief and at oral argument, stacking will be allowed if the insured is not protected in excess of the basic limits. *Gambrell v. Travelers Ins. Companies*, 280 S. C. 69, 310 S. E. (2d) 814, 817 (1983),

*Garris v. Cincinnati Ins. Co.*, 280 S. C. 149, 311 S. E. (2d) 723, 727 (1984). Stated differently, there is no question stacking is allowed in South Carolina. The question is whether stacking is prohibited by statute in this situation.

■   Our scope of review on this appeal is limited to the correction of errors of law. *Townes Associates, Ltd., v. City of Greenville,* 266 S. C. 81, 221 S. E. (2d) 773, 775 (1976).

■   Nationwide argues the basic limit of Section 56-9-820 is $15,000. The trial court found that a $35,000 single limit policy does not constitute coverage "in excess of the basic limit" as defined in Section 56-9-820 because it does not provide for more than $35,000 of total coverage. The South Carolina Supreme Court has never ruled on whether a single limit policy in the amount of $35,000 meets or exceeds the statutory limit.[1]

In *Guthrie v. State Farm Mutual Automobile Ins. Co.*, 279 F. Supp. 837 (D. S. C. 1968) the United States District Court for the District of South Carolina held that a motorist with a $25,000 single limit endorsement was uninsured under the Virginia Uninsured Motorist Statute. The Virginia statute provides that a vehicle is uninsured if it has liability coverage of less than $15,000 per person or $30,000 per accident. The court went on to hold the anti-stacking provision in the insured's policy void, stating, "The uninsured motorist law was enacted to protect the injured party and for this reason it should be liberally construed in favor of the injured party in order to effectuate the intention of the legislature." The current South Carolina statute is broader than the statute construed in *Guthrie* for it provides $5,000 additional coverage for property damage. We cannot say the trial court was in error in finding *Guthrie's* reasoning persuasive and holding the basic statutory limit in South Carolina is $35,000.

---

[1] While it is true in the underinsured motorist case of *Gambrell* the court stated, *in dicta,* "[T]he statutory minimum for liability in South Carolina is $15,000," the court was not interpreting Section 56-9-820 nor the part of Section 56-9-831 applicable in this case. The court's statement clearly was not intended to be used as a definition of Section 56-9-820's "basic limits." In *Garris,* another underinsured motorist case brought under Section 56-9-821 [second sentence], the court did not define the basic limits but referred to them as "15/30/5."

Nationwide also argues if stacking is allowed the three $35,000 policies should be stacked only up to $15,000 each. The trial court held Howard could stack the $35,000 policies in full with the $15,000 policy and recover $120,000. The South Carolina Supreme Court has never been asked to determine the extent to which single limit policies can be stacked. The trial court is correct in stacking the single limit endorsement in full because they contain no breakdown like the $15,000 and $30,000 policies.

Affirmed.

BELL, J., concurs.

CURETON, J., concurs in result only.