Nathaniel T. Helman, J.
This is an application for leave to bring action against MVAIC.
The applicant was allegedly injured by a hit and run automobile on March 30, 1967. Hé went immediately to Sydenham Hospital where he met one Hans Garvey, a uniformed security officer employed by the Department of Hospitals of the City of New York and assigned to Sydenham Hospital. Garvey wore a .shield and a blue uniform which is similar to that of a policeman of the City of New York and also carried a club. Applicant, through a Spanish interpreter, allegedly told Garvey his name and address and that he was injured by a hit and run oar. Garvey states that he did not report the accident to the precinct because he did not feel that the injury was too serious. The hospital record indicates a history given by the special security officer through an interpreter that plaintiff stated he was hit by a car.
MVAIC opposes the application because a report of the occurrence was not made within 24 hours or as soon as reasonably possible to a “ police, peace or judicial officer in the vicinity or to the commissioner ” (Insurance Law, § 608, subd. [b]). Concededly, Garvey is a special patrolman in the hospital, under Police Department Regulations governing the appointment and conduct of special patrolmen in the employ of others than the Police Department. Paragraph 17 thereof provides: 1 ‘ appointment as a special patrolman shall not be construed to constitute him a member of the Police Department. However, during the term of his appointment, while acting as a special patrolman, he shall possess such authority as is possessed by members of the force insofar as the duty and right to arrest is concerned ’ ’. This is limited by paragraph 19 to his place of employment. Applicant argues that he should not be denied the benefit of the Motor Vehicle Accident Indemnification Law intended to secure to innocent victims of motor vehicle accidents recompense for the injury and financial loss inflicted upon them.
The clear purpose of section 167 of the Insurance Law is to afford an injured person the same protection which he would *363 receive if the tort-feasor was covered by insurance. (Matter of Phelan v. MVAIG, 52 Misc 2d 341, 343.) Section 608 of the Insurance Law in its reference to a peace officer, does not limit that term to the definition of such an officer as stated in section 154 of the Code of Criminal Procedure. Am examination of the affidavits submitted by G-arvey, in one of which he describes himself as a “ security and peace officer presently assigned to Sydenham Hospital,” as well as his photograph in full uniform, satisfies the court that the requirements of the statute have been met, particularly where the rights of a non-English speaking litigant are concerned. Nor am I impressed by the contention that Garvey was not a “ Special Patrolman ” because his uniform was blue instead of gray. An officer who “ possesses such authority as is possessed by members of the force insofar as the duty and right to arrest are concerned ” (Commissioner’s rules) is a peace officer for the purpose of this statute.
It may be noted that the Public Health Law, authorizing a State hospital to designate employees as special policemen, provides that such persons “ shall possess all the powers of peace officers ”. (Public Health Law, § 455.)
Plaintiff should not be denied the benefit of the statute. The motion will be granted.