[Civ. No. 25998. First Dist., Div. One. Feb. 6, 1970.]

CALIFORNIA STATE AUTOMOBILE ASSOCIATION,
Plaintiff and Respondent, v.
ELLEN BLANFORD, Defendant and Appellant.

[redacted]

## COUNSEL

Arthur C. Zief for Defendant and Appellant.

Gudmundson, Siggins, Stone & Goff and Harold Albert Stone for Plaintiff and Respondent.

## OPINION

**ELKINGTON, J.**—This appeal, by defendant Ellen Blanford alone, is from a judgment and separately entered permanent injunction in a declara-

tory relief action commenced against her and Bertha M. Schwan by California State Automobile Association (C.S.A.A.). Her attempted appeal from a nonappealable "Memorandum Opinion" which ordered "judgment . . . as prayed" and that an "injunction issue," must be dismissed.

By the action C.S.A.A. sought a determination that one of its automobile liability insurance policies did not extend "uninsured motorist" coverage to either defendant, for injuries claimed to have been suffered in a collision with a "hit-and-run" automobile. The contention was based upon the failure of defendants, or anyone on their behalf, to report the subject accident within 24 hours, or to file a statement thereof within 30 days with C.S.A.A., as required by the policy and by Insurance Code section 11580.2, subdivision (b), subsection (2), as effective in 1966, the year of the alleged accident.[1] C.S.A.A. also sought a declaration that defendant Blanford had no right under the policy to arbitrate a claim for the injuries alleged to have been sustained by her in the accident.[2]

By her answer defendant Blanford sought judgment declaring her right to arbitrate the claim. However, in a trial memorandum filed with the court she stated as the *sole* issue: "Is defendant Blanford precluded from pursuing her claim against the plaintiff for failure to comply with the policy requirements?" And at the commencement of the trial her counsel stated: "Your

---

[1]Insurance Code section 11580.2, subdivision (b), subsection (2), as in effect throughout 1966, provided:

"The insured or someone on his behalf shall have reported the accident within 24 hours to the police department of the city where the accident occurred or, if the accident occurred in unincorporated territory then either to the sheriff of the county where the accident occurred or the local headquarters of the California Highway Patrol, and have filed with the insurer within 30 days thereafter a statement under oath that the insured or his legal representative has or the insured's heirs have a cause of action arising out of such accident for damages against a person or persons whose identity is unascertainable and set forth facts in support thereof. . . ."

The policy contained similar language.

[2]Insurance Code section 11580.2, subdivision (e), as in effect at the time of the alleged accident, provided:

"The policy or an endorsement added thereto shall provide that the determination as to whether the insured shall be legally entitled to recover damages, and if so entitled, the amount thereof, shall be made by agreement between the insured and the insurer or, in the event of disagreement, by arbitration."

The policy stated:

"If any person making claim hereunder and the Bureau do not agree that such person is legally entitled to recover damages from the owner or operator of an uninsured automobile because of bodily injury to the insured, or do not agree as to the amount of payment which may be owing under this Part, then, upon written demand of either, the matter or matters upon which such person and the Bureau do not agree shall be settled by arbitration in accordance with the rules of the American Arbitration Association, and judgment upon the award rendered by the arbitrators may be entered in any court having jurisdiction thereof. Such person and the Bureau each agree to consider itself bound and to be bound by any award made by the arbitrators pursuant to this Part."

Honor, as I put it in the brief, I think the only issue here is going to be whether or not as far as Mrs. Blanford is concerned the plaintiff can show any prejudice, and, if they can show prejudice, then that's right. If not, I think under the existing cases, I think we have a right to arbitrate all the remaining issues in this case."

Defendants Schwan and Blanford testified that they were the driver and passenger, respectively, of the insured automobile, when on July 31, 1966 or August 7, 1966 it was struck by a "hit-and-run" vehicle proximately causing injuries to defendant Blanford. It was conceded that neither of the defendants, nor anyone acting on her behalf, reported the accident within 24 hours (or at any time) to a police, peace or judicial officer, or to the Department of Motor Vehicles; and that neither defendant, nor anyone acting on her behalf, within 30 days, reported the accident to, or complied with the policy requirement of filing a statement under oath with C.S.A.A.

The trial court found that C.S.A.A. was prejudiced by the failure to give the required notice and statement. The judgment declared that the policy did not extend "uninsured motorist" coverage to defendants for the subject accident, and enjoined arbitration of defendant Blanford's claim.

Defendant Blanford first contends that the trial court erred in denying her the right to arbitrate her claim. This contention is without merit as the right to arbitrate, if such right existed, was waived by her at the trial. That question was withdrawn from the court's consideration when she announced as the only issue, the effect of her failure to comply with the statutory and policy notice requirements, and insisted that if the court found no prejudice to C.S.A.A. she *then* had the right to arbitrate all the *remaining* issues in the case.

The right to arbitrate a dispute under the "uninsured motorist" provisions of an automobile liability insurance policy may be waived. It is waived by the voluntary submission of such a dispute for decision by the court. (*Lofberg* v. *Aetna Cas. & Surety Co.,* 264 Cal.App.2d 306, 309 [70 Cal.Rptr. 269]; see also *Local 659 I. A. T. S. E.* v. *Color Corp. of America,* 47 Cal.2d 189, 194-195 [302 P.2d 294]; *Commercial Ins. Co.* v. *Copeland,* 248 Cal.App.2d 561, 562 [56 Cal.Rptr. 794]; *Aetna Cas. & Surety Co.* v. *Superior Court,* 233 Cal.App.2d 333, 339-340 [43 Cal.Rptr. 476].) If an insurance carrier in an action for declaratory relief seeks to litigate "uninsured motorist" issues within the jurisdiction of an arbitrator the appropriate remedy is a dismissal of the action. (*Interinsurance Exchange of Auto. Club* v. *Bailes,* 219 Cal.App.2d 830, 834 [33 Cal.Rptr. 533].)

The remaining question is whether there was substantial evidence

in support of the trial court's determination that C.S.A.A. was prejudiced by defendants' failure to give the required notice and statement. A professional claims adjuster testified that prompt reporting of a "hit-and-run" accident better enables police and other interested parties, from interviews with people in the neighborhood and the presence or absence of debris and tire marks on the alleged scene, to determine if such an accident did in fact occur. It also makes more likely the apprehension of the offender, thus facilitating inquiry whether the "hit-and-run" vehicle was in fact an uninsured vehicle, and allowing the insurer to enforce its subrogation rights against a negligent uninsured hit-and-run motorist. From the testimony of the adjuster, relating to matters of common knowledge which may be judicially noticed (see Evid. Code, § 452, subd. (g)), we must conclude that the trial court's finding of prejudice is reasonable and supported by substantial evidence.

It becomes unnecessary in our determination of this appeal to pass upon the contention of C.S.A.A. that failure to report the accident within 24 hours "to a police, peace or judicial officer or to the Department of Motor Vehicles" as required by the policy and by Insurance Code section 11580.2, subdivision (b), subsection (2), as then in effect, constituted prejudice to the insurer as a matter of law.

The judgment and the permanent injunction are affirmed. The purported appeal from a "Memorandum Opinion" is dismissed.

Molinari, P. J., and Sims, J., concurred.