287 So.2d 393 (1973)
Dan V. McKAY, Appellant,
v.
HIGHLANDS INSURANCE COMPANY, and American Mutual Insurance Company, Appellees.
No. 73-528.
District Court of Appeal of Florida, Third District.
December 21, 1973.
Rehearing Denied January 21, 1974.
*394 Bolles, Goodwin, Ryskamp & Welcher, Miami, for appellant.
Wicker, Smith, Pyszka, Blomqvist & Davant, Spencer & Taylor, Miami, for appellees.
Before PEARSON, CARROLL and HAVERFIELD, JJ.
PER CURIAM.
Defendant-appellant seeks review of an adverse final judgment which (1) declared that defendant was not entitled to coverage under the uninsured motorist provision of the policies issued by plaintiff insurance companies, and (2) ordered dismissal of his counterclaim with prejudice.
On November 23, 1970 defendant-appellant, Dan McKay, an insurance adjuster experienced in the area of uninsured motorist claims, was driving his employer's vehicle which was stopped in a line of traffic on Kendall Drive when it was struck from behind by a truck which caused defendant's vehicle to strike the rear of the car immediately in front of him. After being momentarily stunned, McKay recovered and discussed the collision with the parties involved and inspected the damage. Defendant wrote down the tag number of the auto which he struck, but failed to obtain the license number of the truck or the name of its driver. Because of the traffic and inclement weather, the parties removed their vehicles from the scene and the truck driver agreed to come to defendant's office to exchange information. After the parties departed and began heading north on the Palmetto Expressway, the driver of the truck suddenly turned off and was never seen again by the defendant who proceeded to his office, reported the accident to his supervisor, and filled out a notice of loss form furnished him by his employer, Crawford and Company. Thereafter, defendant left his office to search unsuccessfully in Coral Gables for the truck and the driver. McKay never reported the accident to the police. Highlands Insurance Company, the insurer of Crawford and Company, provided uninsured motorist coverage, but denied coverage because of the failure to report the accident within 24 hours to the police or other authorities as required by the policy. Defendant was insured also under a policy on his wife's automobile with American Mutual Insurance Company, which policy provided uninsured motorist coverage but to which coverage was denied because of insured's failure to report the accident to the police or other appropriate authorities within 24 hours and because of the failure of the insured to give a sworn statement to the insurance carrier within 30 days after the accident as required by the policy.
Plaintiffs, the insurance companies filed a complaint seeking a declaratory decree as to the question of coverage on the uninsured motorist claim of the defendant. McKay filed an answer and a counterclaim. A non-jury trial was held at the conclusion of which the trial judge entered his judgment finding that the 24 hour notice provision in the policies is a valid provision, the defendant failed to comply therewith and thus, not entitled to coverage under the uninsured motorist provision of the respective policies. The defendant was enjoined from prosecuting any claims for uninsured motorist benefits against the plaintiffs and his counterclaim was dismissed with prejudice.
On appeal, defendant-appellant contends that the court erred in not invalidating the *395 notice requirements of the policies because he satisfied the purpose of the requirements by submitting testimony to prove the accident, both plaintiffs received fair notice of the accident and Florida courts have consistently voided exclusionary clauses in uninsured motorist policies. We cannot agree.
We hold that the 24 hour notice requirement to the police or appropriate government authority is a valid provision and condition precedent to obtaining uninsured motorist coverage in order that the police and other interested parties (such as plaintiff insurance companies) may have the immediate opportunity to investigate, search, and possibly apprehend the hit and run driver, thus facilitating inquiry whether the hit and run vehicle was in fact uninsured and allowing the insurer to enforce its subrogation rights against a negligent uninsured hit and run motorist. See California State Automobile Association, Inter-Insurance Bureau v. Blanford, 4 Cal. App.3d 186, 84 Cal. Rptr. 333 (1970). It is undisputed that defendant McKay, himself an insurance adjuster, failed to report the accident to the police or other appropriate government authority. In addition, we noted from the record that defendant had the opportunity to obtain the necessary information at the scene of the accident with regards to the name of the truck driver and the registration number of his truck, but failed to do so. Instead, he permitted the driver to leave the scene of the accident and "disappear".
Therefore, the trial judge was eminently correct that defendant had not complied with the notice requirement of the respective insurance policies, which was a valid precedent condition to the defendant's obtaining coverage in the case sub judice.
Accordingly, we affirm the judgment herein appealed which found that defendant was not entitled to coverage under the uninsured motorist provisions of the respective policies, enjoined defendant from prosecuting any claims for uninsured motorist benefits against the plaintiffs and dismissed with prejudice defendant's counterclaim.
Affirmed.