293 So.2d 83 (1974)
Emma LASTER, and Johnie Laster Randerson, Appellants,
v.
UNITED STATES FIDELITY & GUARANTY COMPANY, a Maryland Corporation, Appellee.
No. 73-969.
District Court of Appeal of Florida, Third District.
April 16, 1974.
*84 John W. Fowler, Philip M. Gerson, Miami, for appellants.
Knight, Peters, Hoeveler, Pickle, Niemoeller & Flynn, Jeanne Heyward, Miami, for appellee.
Before PEARSON, CARROLL and HENDRY, JJ.
HENDRY, Judge.
Appellants-defendants seek review of a final judgment finding no coverage under an insurance policy issued by the appellee-plaintiff.
The plaintiff, United States Fidelity & Guaranty Company (U S F & G), filed a complaint for declaratory decree in the trial court. The insurance company alleged that under the terms of its insurance policy, appellant, Mrs. Emma Laster, was not covered for two accidents which occurred on December 23, 1971 and February 18, 1972. Mrs. Laster claimed coverage under the policy issued to appellant Johnie Laster Randerson, and she previously had filed a demand for arbitration to determine liability.
*85 U S F & G alleged in its complaint that Mrs. Laster was not covered under the aforesaid policy by virtue of her failure to comply with two separate policy provisions relating to notice. The first required notice by the insured to U S F & G "as soon as practicable." The second, set out in full in the margin,[1] was a special provision pertaining to accidents involving a hit-and-run automobile. U S F & G contended that Mrs. Laster's failure to comply with these provisions resulted in prejudice to the insurance carrier. The complaint requested the court to enjoin the arbitration proceeding until the court determined the coverage question, and the court by an order dated August 17, 1972 stayed the arbitration.
Subsequent thereto, this cause was heard by the trial judge, at which time testimony was taken from two Florida Highway Patrol troopers, U S F & G's adjustor, a consultant at Jackson Memorial Hospital, and Mrs. Laster. Thereafter, the court entered its findings and final judgment in favor of U S F & G, on the grounds that appellant failed to give timely notice to insurer.
The point on appeal which appellant, Mrs. Laster, raises is whether or not the trial court erred in determining that there was no coverage under the policy because U S F & G was not given timely notice, in view of the fact that no prejudice to the insurer resulted.
It is conceded by the appellant that she did not notify U S F & G, through her attorney, until February 7, 1972 (seventeen days late) of her intention to seek uninsured motorist coverage as a result of the December 23, 1971 accident. No mention of a hit-and-run accident was contained in the attorney's letter of notice. On February 18th or 19th, 1972,[2] U S F & G's claims adjustor, Carlton Bronson, received a second communication from Mrs. Laster's attorney, which included a standard accident report prepared by the investigating officer. Nothing in the report gave any indication of a claim that a hit-and-run driver had been involved, either. On February 23, 1972, Bronson by letter to Mrs. Laster's attorney, denied her claim based upon information in the police report.
At the hearing, F.H.P. patrolman Stephen Wilkenson testified that he investigated the December 23 accident on State Road 826, near N.W. 27th Avenue. The officer stated that when he approached the scene, he observed a 1970 Cougar sitting partially through a fence on the north side of the highway. He spotted no other cars, nor did he speak to any witnesses. (Mrs. Laster's counsel also stipulated that no contact with another vehicle occurred in this accident.) Mrs. Laster testified at the hearing that she was forced off the road when a "phantom" vehicle swerved into her path. Wilkenson, however, was unable to obtain any statement from Mrs. Laster at the scene of the accident because, as he testified, "She was incoherent. She was injured and there was also an odor of alcohol."
There was also testimony by Adalberto Delgado, who was a consultant in the *86 emergency room at Jackson Memorial Hospital. He stated that he was on duty when Mrs. Laster was brought to the hospital on December 24, 1971 and that a physical examination revealed she had heavy intoxication. He further testified that Mrs. Laster was conscious for the two days she was hospitalized, and that she was discharged ambulatory.
Mrs. Laster controverted all of this, testifying that she had nothing to drink prior to the accident, that she was unconscious during her stay at the hospital, she was discharged while unconscious, and she remained unconscious thereafter and could not remember returning to the hospital on December 28 for treatment.
Bronson also testified that he did not learn of the second accident of February 18, until May 25, 1972, when he appeared to take a statement from Mrs. Laster at her attorney's office.
The facts of the mishap are remarkably similar to the first accident, except in this instance Mrs. Laster was a passenger in the rear seat. The second accident also occurred on State Road 826 at Miller Road at 3:15 in the morning. F.H.P. trooper D.E. Jones testified that upon his arrival he found a 1964 Chevrolet, driven by one Lehman Smith, an uninsured motorist, which "had eaten up quite a bit of grass northbound on the bypass." Jones said there were no other cars at the scene, and he said the driver informed him he had lost control of his vehicle during a heavy rainstorm. In addition, the officer said no one mentioned contact with another vehicle, and he smelled alcoholic beverages on all four of the occupants of the car, including Mrs. Laster.
Mrs. Laster likewise controverted this testimony. She stated that a truck in the right lane moved into their lane, and to avoid a collision, the car in which Mrs. Laster was driving veered to the left striking a guard rail.
The law in Florida in cases involving late notice to the insurance company by the insured under the terms of a policy was settled by our Supreme Court in Tiedtke v. Fidelity & Casualty Company of New York, Fla. 1969, 222 So.2d 206. The court said that while prejudice to the insurer is presumed in such cases, the insurer will not be relieved automatically of liability simply by showing that notice was not given within the time provided for in the policy if the insured can demonstrate that the insurer has not been prejudiced. See also, American Fire & Casualty Co. v. Collura, Fla.App. 1964, 163 So.2d 784; Continental Casualty Company v. Shoffstall, Fla.App. 1967, 198 So.2d 654; Deese v. Hartford Accident and Indemnity Co., Fla.App. 1967, 205 So.2d 328.
It has also been noted that the "purpose of a provision for notice and proofs of loss is to enable the insurer to evaluate its rights and liabilities, to afford it an opportunity to make a timely investigation, and to prevent fraud and imposition upon it." State Farm Mutual Automobile Ins. Co. v. Ransom, Fla.App. 1960, 121 So.2d 175; Deese v. Hartford Accident and Indemnity Co., supra.
A policy provision relating to the time when notice of an accident must be given, and containing language such as, "as soon as practicable," means notice given with "reasonable dispatch and within a reasonable time in view of all the facts and circumstances of the particular case." Employers Casualty Co. v. Vargas, Fla. App. 1964, 159 So.2d 875; Hartford Accident and Indemnity Co. v. Mills, Fla.App. 1965, 171 So.2d 190.
Appellants argue that they have complied with the notice requirements on the facts of this case in view of the above principles of law. We cannot agree.
It is essentially the appellants' position that any prejudice to the insurer was overcome by the testimony of Bronson, *87 who testified that he denied the claim for uninsured motorist coverage entirely on the basis of the police report without further investigation. Therefore, appellants conclude U S F & G was not prejudiced.
However, we fail to see that this sufficiently rebuts the presumption of prejudice to the insurer on the facts of this case. A prompt reporting of the alleged hit-and-run accidents to either the police or the insurer may have enabled the insurer to better investigate and assess its rights and liabilities in this case.
As indicated in numerous prior cases, each case involving a question of delayed notice must be evaluated on its facts. In our view, the trial court, who heard the testimony, was correct in ruling that the appellants failed to comply with the notice provisions of the policy.
Therefore, for the reasons stated and upon the authorities cited and discussed, the judgment appealed is affirmed.
Affirmed.
CARROLL, J., dissents.
NOTES
[1] This provision of the policy provides:

"(d) `Hit and run automobile' means an automobile which causes bodily injury to an Insured arising out of physical contact of such automobile with the Insured or with an automobile which the Insured is occupying at the time of the accident, provided: (1) there cannot be ascertained the identity of either the operator or owner of such `hit and run automobile'; (2) the Insured or someone on his behalf shall have reported the accident within 24 hours, to a police, peace or judicial officer or to the Commissioner of Motor Vehicles, and shall have filed with the company within 30 days thereafter a statement under oath that the Insured or his legal representative has a cause or cause of action arising out of such accident for damages against the person or persons whose identity unascertainable, and setting forth the facts in support thereof; and (3) at the Company's request, the Insured or his legal representative makes available for inspection the automobile which the Insured was occupying at the time of the accident."
[2] This by coincidence was approximately the same date of Mrs. Laster's second accident, also involving an alleged hit-and-run motorist.