PER CURIAM.
By this appeal the defendant in an action for declaratory judgment, brought against him by the appellee, Travelers Insurance Company, presents for review an adverse judgment which declared defendant was not entitled to the benefit of the uninsured motorist coverage of a policy issued by said insurance company to the defendant’s employer, and which enjoined the proceedings initiated by defendant for arbitration of claim thereunder.
The appellant was injured in a collision of a vehicle he was driving with a vehicle driven by a hit-and-run driver. The vehicle driven by appellant was owned by his employer, Visual Graphics Inc. When injured, the appellant was acting in the course of his employment, and was entitled to coverages provided for in the liability insurance policy issued to Visual Graphics Inc. by the appel-lee.
In the policy, an uninsured automobile as defined included a hit-and-run automobile, subject to certain conditions. One of them was that “the insured or someone on his behalf shall have reported the accident within 24 hours to a police, peace or judicial officer or to the Commissioner of Motor Vehicles”.
In its action the insurer sought a declaration of non-coverage for the failure to give such notice, and thereupon to restrain the proposed arbitration proceeding. The defendant answered, averring the insurer knew or should have known of the accident, and that the insurer could not show prejudice such as to preclude recovery under the uninsured motorist coverage.
Trial of the action before the court resulted in judgment declaring the insurer was entitled to disclaim coverage, and enjoining the arbitration.
The record on appeal does not contain a transcript of the testimony and the proceedings at the trial. The pleadings and certain affidavits of record show the defendant did not report the accident as and within the time required. After the accident occurred, the defendant returned to his employment sometime later on that date. He did not inform his employer of the accident until the morning of the second day after that upon which the accident took place. The employer did not, on behalf of the appellant, or otherwise, make a report thereof to an official as so required, for several days thereafter. The judgment affirming non-coverage on those facts is affirmed on the authority of McKay v. Highlands Insurance Co., 287 So.2d 393.(Fla. 3d DCA 1974). The presumption of prejudice to the insurer, from the noncompliance with the said prompt notice requirement, was not shown to have been rebutted or overcome. The judgment of the trial court so implies, and in the absence of a record showing the evidence at trial, we find no basis in law to disturb the judgment. See Laster v. United States Fidelity and Guaranty Co., 293 So.2d 83 (Fla. 3d DCA 1974).
Affirmed.