DAN CANTY, Respondent, v MOTOR VEHICLE ACCIDENT INDEMNIFICATION CORPORATION, Appellant.

Second Department, September 26, 1983

APPEARANCES OF COUNSEL

*Evans, Orr, Pacelli, Norton & Laffan, P. C. (Charles K. Faillace* of counsel), for appellant.

*Bertram Herman, P. C.,* for respondent.

OPINION OF THE COURT

TITONE, J. P.

At issue is the interrelationship between certain provisions of the Insurance Law. More specifically, the question before us is whether a pedestrian injured by a "hit and run" vehicle, who applies to the Motor Vehicle Accident Indemnification Corporation (MVAIC) for no-fault benefits, must comply with the requirements imposed by sections 5208 (subd [A], par 2) and 5218 of the Insurance Law by report-

ing the accident "within twenty-four hours after the occurrence to a police, peace or judicial officer in the vicinity or to the [C]ommissioner" of Motor Vehicles (Insurance Law, § 5208, subd [A], par 2, cl [b]). Our answer is in the affirmative.

Plaintiff claims that on August 16, 1981, at about 3:30 P.M., he was struck by an automobile while he was crossing the intersection of Marcy and Gates Avenues in Brooklyn. Apparently, there were no witnesses and the police were not summoned to the scene. The operator of the vehicle did not provide any insurance, registration or license information.

Sometime later that day, plaintiff went to the emergency room at Kings County Hospital, apparently without third-party assistance, and received treatment. At that time, he claims that he made an oral report of the accident to an unnamed and unspecified police officer at the hospital. Plaintiff did not file a written report until approximately one week thereafter.

Plaintiff's application for no-fault benefits was denied by MVAIC upon the ground that the accident was not reported to the proper authorities within 24 hours of its occurrence. This action, seeking a declaration that he is eligible for no-fault benefits, followed.

Defendant's answer, insofar as pertinent, set forth two affirmative defenses alleging that plaintiff had failed to timely report the accident, as required by statute, and was thus barred from obtaining benefits. Special Term struck the affirmative defenses, essentially adopting plaintiff's contention that the reporting requirements were limited to claims predicated on negligence and did not extend to no-fault applications. We decline to construe the statutory provisions that narrowly and, accordingly, modify the order appealed from.

MVAIC was created in 1958 to compensate innocent victims of motor vehicle accidents caused by, as here pertinent, "unidentified motor vehicles which leave the scene of [an] accident", commonly referred to as "hit-and-run" accidents (Insurance Law, § 600, subd [2], par [1], as added by L 1958, ch 759, § 2, renum § 5201, subd [B], par 1). The no-fault system of automobile insurance was adopted 15 years

later, in 1973 (L 1973, ch 13; see, generally, *Montgomery v Daniels,* 38 NY2d 41).

As initially enacted, the no-fault article of the Insurance Law had no affect on MVAIC. The no-fault legislation was addressed to insurance companies or self-insurers which provided the financial security required by the Vehicle and Traffic Law. Since MVAIC did not fall within that category, it was not concerned with no-fault claims.

Needless to say, this led to some glaring inequities. In situations in which the requisite insurance was nonexistent, had lapsed, or was otherwise unavailable, victims of accidents were deprived of no-fault benefits.

The Legislature effected a solution in 1977, by enacting legislation placing MVAIC under an obligation to pay no-fault benefits to "qualified persons" to the same extent as if insurance coverage providing such no-fault benefits were in force (Insurance Law, § 5221, added as § 621-a by L 1977, ch 892, § 5, renum and amd by L 1982, ch 686, § 1). Such "qualified persons" include "a resident of this state, other than an insured or the owner of an uninsured motor vehicle and his spouse when a passenger in such vehicle, or his legal representative" (Insurance Law, § 5202, subd [A], par 2, cl [a]).

The threshold determination that an individual is a "qualified person" does not, however, end the inquiry. In order for a pedestrian to be a "covered person" and obtain no-fault benefits (see Insurance Law, § 671, subd 10; § 5221, subd [A]), such a "qualified person" must have "complied with all the applicable requirements of this article [52]" (Insurance Law, § 5221, subd [B], par 2). Among such requirements are the filing of an accident report within 24 hours of the occurrence unless it was "not reasonably possible to make such a report or that it was made as soon as was reasonably possible" (Insurance Law, § 5208, subd [A], par 2), and that "physical contact" with a hit-and-run motor vehicle be established (Insurance Law, § 5217, subd [A]).

Plaintiff, pointing to the fact that these requirements were enacted when MVAIC was created, urges that they cannot be deemed incorporated into the 1977 remedial

legislation. We are not persuaded that the Legislature intended to carve out an exception for no-fault claims.

True, statutory protections enacted for the benefit of victims of uninsured accidents should receive a liberal construction (see *Matter of Allstate Ins. Co. v Shaw,* 52 NY2d 818, 820; *Matter of Taub [MVAIC],* 31 AD2d 378, 381). But the statute must be applied as written and not how the plaintiff believes it should have been written (*Servido v Superintendent of Ins.,* 77 AD2d 70, 84-85 [dissenting opn], revd on dissenting opn 53 NY2d 1041; *Matter of Fullerton v General Motors Corp.,* 46 AD2d 251, 252; 7 Blashfield, Automobile Law and Practice [3d ed], § 274.31). The statutory language simply leaves no room for construction. It clearly and unequivocally requires a no-fault claimant to meet the same requirements that all other persons filing claims with MVAIC must meet.

Moreover, the requirement of notice within 24 hours serves the important functions of preventing fraudulent claims and of giving the police an opportunity to investigate and bring the hit-and-run driver to justice (*Matter of Dixon v MVAIC,* 56 AD2d 650, 652; *Matter of Bonavisa v MVAIC,* 21 Misc 2d 963, 964 [STEUER, J.]). It is difficult, if not impossible, to disprove a contention that the accident was caused by an unknown individual unless prompt notification be given and the identity of witnesses be ascertained (cf. *MVAIC v Eisenberg,* 18 NY2d 1, 4-5). Since the same considerations pertain to both no-fault and negligence claims, it would seem that the Legislature would not have intended to draw any distinction between them.

For these reasons, the affirmative defenses should stand. Nonetheless, defendant's cross motion to dismiss the action was properly denied. While plaintiff has not tendered an acceptable excuse for failing to file a formal accident report within the 24-hour time frame (see *Matter of Medica [MVAIC],* 32 AD2d 771; *Dimas v MVAIC,* 18 AD2d 761; cf. *Matter of Kavrecich [MVAIC],* 22 AD2d 661), his claim that he made a report to a patrolman at Kings County Hospital could, if established, constitute sufficient compliance with statutory requisites (*Rodriguez v MVAIC,* 54 Misc 2d 361, affd 29 AD2d 846). The case must, therefore, be remitted for an evidentiary hearing on that issue (see, e.g., *Matter of*

*Francis v MVAIC,* 41 AD2d 556; *Matter of Edwards v MVAIC,* 36 AD2d 841).

Accordingly, the order appealed from should be modified, plaintiff's motion for summary judgment denied, and the matter remitted for further proceedings in accordance with this opinion.

LAZER, WEINSTEIN and BOYERS, JJ., concur.

Order of the Supreme Court, Queens County, entered September 14, 1982, modified, on the law, by deleting the first, third, fourth and fifth decretal paragraphs and substituting therefor a provision denying plaintiff's motion for summary judgment. As so modified, order affirmed, without costs or disbursements, and matter remitted to Special Term for further proceedings consistent herewith.