## KOEHNEN v ALLSTATE INSURANCE COMPANY, etc.
### Case No. SO85-1953
County Court, Orange County

September 9, 1985

#### APPEARANCES OF COUNSEL

**Reinald Werrenrath, III** for defendant.

**Robert F. Evans, Jr.** for plaintiff.

#### OPINION OF THE COURT

JAMES C. HAUSER, County Judge.

This cause came before this court as a non jury trial on August 27, 1985.

#### *Facts*

The Plaintiff is insured by Allstate, who agreed to pay her PIP benefits if she was involved in an accident. On July 28th the Plaintiff was involved in an accident and in fact received medical treatment from a Dr. Vagi from August 1, 1983 - November 23, 1983. (Plaintiff's Exhibit 2).

On both August 5 and September 7th, Allstate mailed to Plaintiff's attorney a "no fault" form. (Defendant's Exhibit 1) Plaintiff's attorney, on September 12th, responded to these requests by claiming the law

did not require that he reveal any information to the insurance company. On November 4th Mr. Evans did inform the Defendant that the plaintiff was visiting a physician, but the letter fails to state the name of the physician. Defendant's Exhibit 1. At the time of this letter, plaintiff's attorney had not yet received a bill from Dr. Vagi but the attorney knew the physician's name and address.

Plaintiff's attorney received a bill from Dr. Vagi in December, 1983 but the bill was not submitted to Allstate until January, 1985, or 13 months later. Plaintiff's Exhibit 2. The reason the bill was not submitted was because the plaintiff wanted to finish his case against the alleged third party tortfeasors. Protective order signed July 24, 1985.

The defendant refused to pay Dr. Vagi's bill claiming that the 13 months delay was unreasonable. See Part 3, page 10 of the insurance contract (Defendant's Exhibit 2) and Fla. Stat. 627.736.

### Statement of Law

Fla. Stat. 627.736(e) requires that the insured not unreasonably withhold the existence of a claim from the insurer. The reason for this statutory requirement is to permit the insurance company time to investigate the claim to determine its reasonableness. *Laster v. United States Fidelity & Guaranty Company*, 293 So.2d 83 (Fla. 3d DCA 1974), *cert. denied*, 300 So.2d 265 (Fla. 1974). In some cases the insurance company may require an independent medical exam before paying the bill. If the information concerning medical treatment is submitted long after the treatment has been completed by plaintiff's doctor, the examination by the insurance doctor would not reveal what treatment was or was not necessary.

The court rules that deliberately waiting to submit a doctor's bill to her own PIP carrier until *after* the Personal Injury suit and the plaintiff's medical treatment has been completed is per se unreasonable. To hold otherwise would be to thwart the purpose of the statute. However, the defendant must still pay the bill unless the defendant can show he was prejudiced.

If there is a delay in disclosure, it is presumed that the insurance company was prejudiced. This prejudice may be rebutted by the insured. *Tiedtke v. Fidelity and Casualty Company of N.Y.*, 222 So.2d 206 (Fla. 1969). In the case at bar plaintiff failed to rebut the presumption of prejudice the defendant suffered. The reason is that by the time the defendant received the bill there was no effective way for the defendant to determine if the medical treatment the plaintiff received by Dr. Vagi was unreasonable.

104

To insure compliance with the statute, the plaintiff should have informed the defendant the name and address of the treating physician *during* the time medical treatment is being given to the plaintiff.