Nelia GIRARD, Appellant,

v.

STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Respondent.

No. WD 39059.

Missouri Court of Appeals,
Western District.

Sept. 22, 1987.

Phillip S. Smith of Morris & Foust, Kansas City, for appellant.

Patrick C. Cena and Daniel J. Ryan of Deacy & Deacy, Kansas City, for respondent.

Before MANFORD, P.J., and NUGENT and GAITAN, JJ.

MANFORD, Presiding Judge.

This is a direct appeal from the entry of summary judgment. The judgment is affirmed.

A sole issue is presented herein, and appellant charges the trial court erred in its entry of summary judgment because there existed genuine issues of material fact as to whether appellant substantially complied with the provision of respondent's insurance policy and there existed genuine issues of material fact as to whether respondent was prejudiced.

The pertinent facts are as follows: On April 3, 1984, appellant was a passenger in a motor vehicle driven by one Nenita Armstrong. The vehicle left the roadway and overturned. Suit was intitiated against Armstrong for negligence and against respondent under the uninsured motorist section of respondent's policy. Suit was commenced almost eighteen months after the accident. In her suit, appellant also alleged the existence of a "phantom vehicle."

Respondent's policy contains the following provision pertaining to uninsured motorist coverage:

**4. Other Duties Under Medical Payments, Uninsured Motor Vehicle, Underinsured Motor Vehicle, Death, Dismemberment and Loss of Sight, Total Disability and Loss of Earnings Coverages....**

e. under the uninsured motor vehicle coverage, report a "phantom vehicle" accident to the police within 24 hours and to us within 30 days.

Appellant has readily admitted that no report of any "phantom vehicle" was made to any law enforcement agency within 24 hours, nor was any such report made to respondent within 30 days of the accident.

Respondent filed its motion for summary judgment. The motion was granted and this appeal followed.

Appellant asserts the existence of two issues of material fact which, if found to exist, would prohibit the entry of summary judgment. These two alleged issues of material fact are: (a) substantial compliance with the requirements of respondent's policy as set forth above, and (b) the issue that respondent was not prejudiced. There is no merit to either assertion.

It is not disputed by the parties herein and, indeed it is conceded by appellant, that she never advised any law enforcement agency of any "phantom vehicle" within 24 hours of the accident. In addition, it is undisputed and likewise conceded by appellant that she never informed respondent of any "phantom vehicle" within 30 days of the accident. The record discloses that respondent was first advised of the matter when appellant filed her lawsuit almost

eighteen months subsequent to the accident.

The foregoing facts and appellant's concession to their validity defeat her assertion of any substantial compliance with the terms of respondent's policy. The foregoing requirements are, within the terms of the policy, clear and unequivocal declarations of conditions precedent to acknowledgment of coverage and the presentment of any claim under the uninsured motorist section of respondent's policy. Having failed to satisfy either or to have even shown an attempt to satisfy either condition precedent, appellant defeats any assertion of substantial compliance.

Appellant's reliance upon *Greer v. Zurich Insurance Co.*, 441 S.W.2d 15 (Mo. 1969), and *Dixon v. United States Fidelity & Guaranty Co.*, 155 S.W.2d 313 (Mo.App. 1941), is misplaced as they do not, under the facts and circumstances herein, support her assertion of substantial compliance. In both of those cases, the court ruled that the language was sufficiently equivocal so as to permit coverage. The policy in the present case is unequivocal in its terms and prescribes the "duties" necessary to the presentment of a claim under the uninsured motorist coverage section of the policy.

Appellant's further assertion that she is of Phillipine descent does not persuade. She had the duty to seek out someone who could have read or explained the policy to her. Her ignorance or alleged ignorance did not relieve her of this responsibility. *Yerxa, Andrews & Thurston, Inc. v. Viviano*, 44 S.W.2d 98, 99 (Mo.1931). *See also Kestner v. Jakobe*, 446 S.W.2d 188, 195–96 (Mo.App.1969), for a case involving the same question as applied to a semi-literate individual.

Appellant's failure to comply with the above precedent conditions were a material breach of the policy of insurance. She fails to avoid the breach or to establish an excuse thereof by substantial compliance. She simply did not comply with either of these two policy requirements.

■ The second assertion presented by appellant is that the trial court erred in entering summary judgment because there existed an issue of material fact, to wit: whether respondent was prejudiced by the delay.

As noted above, it is conceded by appellant that notice of a "phantom vehicle" was never given any law enforcement agency and certainly not within the period of 24 hours prescribed by the policy. As previously noted, appellant also concedes that notice of a "phantom vehicle" was never given respondent until such allegation was presented in her petition some 18 months subsequent to the accident.

The breach occasioned by appellant's inaction was material. The failure to notify a law enforcement agency of any "phantom vehicle" thus neither caused a law enforcement agency to investigate for a "phantom vehicle", nor provided cause for respondent to enter upon such an investigation.

As presented by respondent, some eight of our sister states have ruled this question. This issue is presented for the first time in our own state. Cited for the court are the following: *Alabama Farm Bureau Mutual Casualty Insurance Co. v. Cain*, 421 So.2d 1281 (Ala.Civ.App.1982); *California State Automobile Association, Inter-Insurance Bureau v. Blanford*, 4 Cal. App.3d 186, 84 Cal.Rptr. 333 (Cal.Ct.App. 1970); *McKay v. Highlands Insurance Co.*, 287 So.2d 393 (Fla.Dist.Ct.App.1973); *Laster v. United States Fidelity & Guaranty Co.*, 293 So.2d 83 (Fla.Dist.Ct.App. 1974); *Barnes v. Travelers Insurance Co.*, 342 So.2d 1065 (Fla.Dist.Ct.App.1977); *Allstate Insurance Co. v. Korschun*, 350 So.2d 1081 (Fla.Dist.Ct.App.1977); *Flamm v. Doe*, 167 Ga.App. 587, 307 S.E.2d 105 (Ct.App.1983); *Canty v. Motor Vehicle Accident Indemnification Corp.*, 95 A.D.2d 509, 467 N.Y.S.2d 50 (N.Y.App.Div.1983); *Bonavisa v. Motor Vehicle Accident Indemnification Corp.*, 21 Misc.2d 963, 198 N.Y.S.2d 332 (N.Y.Sup.Ct.1960); *Barfield v. Insurance Co. of North America*, 59 Tenn.App. 631, 443 S.W.2d 482 (Ct.App. 1968); *Hartford Accident and Indemnity Co. v. Creasy*, 530 S.W.2d 778 (Tenn.1975); *State Farm County Mutual Insurance Co. of Texas v. Landers*, 520 S.W.2d 604

(Tex.Civ.App.1975); and *Nationwide Mutual Insurance Co. v. Clark*, 213 Va. 666, 194 S.E.2d 699 (1973).

The foregoing authority describes the rationale employed by the courts of our sister states in the disposition of the question of prejudice to an insurer under circumstances comparable to the present case. Those authorities are persuasive.

It is ruled herein that as a direct result of appellant's failure to comply with the above conditions precedent, both of which were required, she caused a material breach of the policy. Her assertion of substantial compliance is unsupported upon the record, particularly in light of her concession that she never complied with either requirement.

It is further ruled that as a direct result of appellant's failure to report a "phantom vehicle", respondent was prejudiced concerning its right to timely investigate any allegation of a "phantom vehicle" so that determination of the existence or nonexistence of a spurious claim could be made under the provisions of the uninsured motorist section of respondent's policy.

There is no merit to appellant's alleged error and it is ruled against her.

Judgment affirmed.

All concur.