588

Jerry L. **TAYLOR**, Appellant,

v.

**BI–STATE DEVELOPMENT AGENCY
and Government Employees Insurance
Company, Respondents.**

No. 62021.

Missouri Court of Appeals,
Eastern District,
Division One.

Nov. 24, 1992.

Motion for Rehearing and/or Transfer to
Supreme Court Denied
Jan. 7, 1993.

Application to Transfer Denied
Feb. 23, 1993.

Mark F. Haywood, St. Charles, for appellant.

Daniel G. Tobben, Kevin B. Behrndt, Harold L. Whitfield, St. Louis, for respondent.

CRIST, Judge.

Plaintiff appeals from a summary judgment entered in favor of Government Employees Insurance Company (GEICO) for Plaintiff's failure to give timely notice to GEICO of an accident caused by phantom driver. We affirm.

Plaintiff filed suit for injuries she allegedly sustained on January 25, 1990, while she was a paying passenger on a bus operated by Bi–State Development Agency on Grand Avenue in St. Louis. Plaintiff alleged her injuries were caused when she slipped and fell on the bus due to a sudden stop. She also alleged a "phantom vehicle" failed to keep a careful lookout, drove at an excessive speed, failed to yield the right-of-way, and failed to stop, slacken its speed or sound a warning. We presume Plaintiff was attempting to causally connect the actions of the phantom vehicle with the sudden stop of the bus.

Plaintiff further alleged GEICO was liable under the uninsured motorist provisions of the policy which defines "Hit and Run Vehicle" as:

(A) motor vehicle causing bodily injury to an insured with or without physical contact with him or with a vehicle he is occupying at time of the accident and whose operator or owner cannot be identified. . . .

The policy continues:

provided the insured or someone on his behalf:

a) reports the accident within 24 hours to a police, peace or judicial officer or to the Commissioner of Motor Vehicles;

b) files with us within 30 days a statement setting forth the facts of the accident and claiming that he has a cause of action for damages against an unidentified person. . . .

Plaintiff has admitted she did not comply with the terms and conditions of the policy. She did not report the "accident" within 24

hours to a police, peace, or judicial officer, or to the Commissioner of Motor Vehicles. She did not file with GEICO within 30 days a statement setting forth the facts of the accident.

Plaintiff's first contact with GEICO was a letter sent by Plaintiff's attorney dated May 2, 1990, over three months after the accident. On June 14, 1990, almost five months after the accident, she filed a report of the accident with GEICO explaining the facts.

GEICO filed a motion for summary judgment in the court below based upon Plaintiff's failure to comply with the contractual notice provisions of the policy. Plaintiff filed no affidavits with response to the motion for summary judgment. She did not show wherein and why she failed to respond to the contractual provisions of the policy. There is a dearth of evidence showing lack of prejudice on the part of GEICO.

Plaintiff argues that Missouri's public policy interest in protecting injured persons from uninsured motorists overrides the strong public policy interest Missouri courts have upheld through the use of notice provisions. Further, Plaintiff says GEICO was not prejudiced by the lack of timely notice.

Unfortunately for Plaintiff, Missouri courts very plainly held the notice requirements of a hit and run driver situation are not ipso facto void against public policy. *Billings v. State Farm Mutual Automobile Ins. Co.*, 741 S.W.2d 886 (Mo. App.1987); *Girard v. State Farm Mutual Automobile Ins. Co.*, 737 S.W.2d 254 (Mo. App.1987); and *Friend v. State Farm Mutual Automobile Ins. Co.*, 746 S.W.2d 420 (Mo.App.1988). In her response to summary judgment, Plaintiff failed to produce affidavits or other evidence to show wherein and why she should be excused for failure to comply with the notice provisions. See Rule 74.04(e). Failing that, to survive summary judgment, Plaintiff would have had to show she substantially complied with the notice provisions, or that GEICO was not prejudiced by her non-compliance. *See Girard* at 255. Plaintiff did neither.

Judgment affirmed.

AHRENS, P.J., and REINHARD, J. concur.