Daily Medical Equipment Distribution Center, Inc., as Assignee of Christopher Spencer, Respondent,
against
MVAIC, Appellant.




Marshall & Marshall, PLLC ( Naim M. Peress, Esq.), for appellant.
Law Offices of Ilona Finkelshteyn (Marina Josovich, Esq.), for respondent.

Appeal from an order of the Civil Court of the City of New York, Kings County (Caroline E. Wade, J.), entered June 17, 2014. The order, insofar as appealed from, denied defendant's cross motion for summary judgment dismissing the complaint.




ORDERED that the order, insofar as appealed from, is reversed, with $30 costs, and defendant's cross motion for summary judgment dismissing the complaint is granted.
In this action by a provider to recover assigned first-party no-fault benefits, defendant Motor Vehicle Accident Indemnification Corporation (sued herein as MVAIC) appeals from so much of an order of the Civil Court as denied defendant's cross motion for summary judgment dismissing the complaint.
Since MVAIC established that there had been no timely filing of a notice to make claim (see Insurance Law § 5208 [a]), plaintiff's assignor is not a "covered person" (Insurance Law § 5221 [b] [2]). Thus, a condition precedent to plaintiff's right to apply for payment of no-fault benefits from defendant has not been satisfied (see M.N.M. Med. Health Care, P.C. v MVAIC, 22 Misc 3d 128[A], 2009 NY Slip Op 50041[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2009]; Bell Air Med. Supply, LLC v MVAIC, 16 Misc 3d 135[A], 2007 NY Slip Op 51607[U] [App Term, 2d Dept, 2d & 11th Jud Dists 2007]). In opposition to MVAIC's cross motion, [*2]plaintiff failed to establish that leave had been obtained to file a late notice of claim or otherwise raise a triable issue of fact (see Insurance Law § 5208 [c]).
In any event, "in order for someone who has allegedly been injured in a hit-and-run accident, such as plaintiff's assignor herein, to be a covered person' and obtain no-fault benefits, the person must have complied with all of the applicable requirements of Insurance Law article 52, including, but not limited to, the filing of an accident report within 24 hours of the occurrence (Insurance Law § 5208 [a] [2] [A]), unless a showing is made that it was not reasonably possible [for the injured person] to make such a report or that it was made as soon as was reasonably possible' (Insurance Law § 5208 [a] [2] [B]; Canty v Motor Veh. Acc. Indem. Corp., 95 AD2d 509, 511 [1983])" (Compas Med., P.C. v MVAIC, 43 Misc 3d 126[A], 2014 NY Slip Op 50465[U], *1 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2014]). As the certified police report annexed to MVAIC's cross motion established that the police report had been filed more than two weeks after the accident, and as plaintiff failed to demonstrate that the police report had been filed as soon as it was reasonably possible to do so (see Insurance Law § 5208 [a] [2] [B]), this condition precedent to plaintiff's right to apply for payment of no-fault benefits from defendant has also not been satisfied.
Accordingly, the order, insofar as appealed from, is reversed and defendant's cross motion for summary judgment dismissing the complaint is granted.
PESCE, P.J., ALIOTTA and SOLOMON, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: December 15, 2017