**Zuckerberg v Motor Veh. Acc. Indem. Corp.**

2024 NY Slip Op 30021(U)

January 5, 2024

Supreme Court, New York County

Docket Number: Index No. 151022/2023

Judge: Judy H. Kim

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:  **HON. JUDY H. KIM**

*Justice*

PART      **05RCP**

-------------------------------------------------------------------------------X

SHAUL ZUCKERBERG,

Petitioner,

- v -

THE MOTOR VEHICLE ACCIDENT INDEMNIFICATION
CORPORATION,

Respondent.

-------------------------------------------------------------------------------X

| | |
|---|---|
| **INDEX NO.** | 151022/2023 |
| **MOTION DATE** | 04/18/2023 |
| **MOTION SEQ. NO.** | 001 |

## DECISION + ORDER ON MOTION

The following e-filed documents, listed by NYSCEF document number (Motion 001) 2, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15

were read on this motion for      LEAVE TO COMMENCE ACTION .

Petitioner brings this special proceeding for leave, to commence an action against respondent Motor Vehicle Accident Indemnification Corporation ("MVAIC") for first-party no-fault benefits for basic economic loss arising out of the use or operation in this state of an uninsured motor vehicle.

The following facts are undisputed: On December 14, 2021, at approximately 8:45 p.m., petitioner was riding a Citi Bike when he was hit by a car at the intersection of Houston Street and Mercer Street. After the collision, the driver of the car stopped and drove petitioner to the Mt. Sinai/Beth Israel Hospital emergency room (the "ER"). However, once petitioner got out of the car at the ER, the driver drove off before petitioner was able to obtain his name, license plate number, or insurance information.

**151022/2023 ZUCKERBERG, SHAUL vs. THE MOTOR VEHICLE ACCIDENT INDEMNIFICATION CORPORATION**
**Motion No. 001**

**Page 1 of 5**

1 of 5

At the hospital, petitioner was diagnosed with a closed fracture of the proximal end of the left radius and left ulna. Petitioner informed hospital staff at the ER that he was involved in a car accident but police were not called to the hospital. Petitioner was discharged from the hospital the next day and thereafter was "immobilized" and "restricted" to his home. On December 18, 2021, petitioner had an open reduction surgery at Lenox Hill Hospital to repair his fractured arm.

Petitioner never made any report of the subject collision to the police.

On March 8, 2022, petitioner timely served respondent with a Notice of Intention to Make Claim. On February 2, 2023, he commenced the instant special proceeding.

MVAIC opposes the Petition, arguing that petitioner is not entitled to coverage because he has failed to submit proof that the accident was reported to the police, peace, judicial officer or commissioner of motor vehicles within twenty-four hours or as soon thereafter as was reasonably possible or that it was not reasonably possible to make such a report, as required by Insurance Law §5208.

## DISCUSSION

MVAIC was created to provide innocent victims of motor vehicle accidents reparation for the injury and financial loss inflicted upon them by unidentified motor vehicles that leave the scene of the accident. Pursuant to New York Insurance Law §5218(b), the Court may permit an action against MVAIC to proceed after certain enumerated conditions have been satisfied. N.Y. Ins. L. §5218(b)(1)-(6).

A petitioner seeking leave of court to commence an action against MVAIC has the initial burden of demonstrating that he or she is a "qualified person" within the meaning of the Insurance law (Matter of Hernandez v Motor Veh. Acc. Indem. Corp., 120 AD 3 d 1347 [2nd Dept 2014]). A "qualified person" is an individual who is a resident of New York State, is not insured, and does

**151022/2023   ZUCKERBERG, SHAUL vs. THE MOTOR VEHICLE ACCIDENT INDEMNIFICATION CORPORATION**          **Page 2 of 5**
**Motion No.  001**

2 of 5

[* 2]

not own a motor vehicle (or have anyone in his or her household who does). N.Y. Ins. L. §5202(b). There is no dispute that petitioner has satisfied these requirements.

However, this determination does not end the inquiry (Canty v Motor Vehicle Acc. Indemnification Corp., 95 AD2d 509 [2d Dept 1983]). Rather, a qualified individual must also establish that he has satisfied all of the requirements of Insurance Law Article 52 in order to be deemed a "covered person" entitled to payment of first-party benefits from MVAIC (See Insurance Law § 5221[b]).

As pertinent here, Article 52 requires that a petitioner must, as a condition precedent to coverage, submit an affidavit to MVAIC stating that he or she filed an accident report within twenty-four hours of the accident to the police or certain other enumerated entities, unless it was "not reasonably possible to make such a report or that it was made as soon as was reasonably possible" (Insurance Law §5208). This requirement "serves the important function[] of preventing fraudulent claims and of giving the police an opportunity to investigate and bring the hit-and-run driver to justice" (Progressive Ins. Co. v Otero, 81 Misc 3d 1211(A) [Sup Ct, Richmond 2023] citing Canty v Motor Vehicle Acc. Indemnification Corp., 95 AD2d 509 [2d Dept 1983]).

Petitioner has not satisfied this requirement. Petitioner concedes that he never filed an accident report with the police or any other enumerated entity and the Court concludes that he has not reasonably possible to do so. The closed fracture of the left forearm sustained by petitioner does not, in and of itself, "excuse his failure to report the occurrence within the prescribed time limit" (U. S. Fire Ins. Co. v Grieco, 41 AD2d 716, 716 [1st Dept 1973] citing Davis v Motor Veh. Acc. Indem. Corp., 33 AD2d 663 [1st Dept 1969]). Neither does petitioner's representation that he was unable to leave his home to file a police report in person excuse his failure to make any efforts to satisfy the notice requirement. "[C]ourts have consistently afforded a very liberal

**151022/2023   ZUCKERBERG, SHAUL vs. THE MOTOR VEHICLE ACCIDENT INDEMNIFICATION**                **Page 3 of 5**
**CORPORATION**
**Motion No.  001**

3 of 5

interpretation to the notice requirement, accepting police contacts that fall far short of the operator's obtaining a written report" (Matter of Gurvich v Motor Veh. Acc. Indem. Corp., 66 AD3d 677 [2d Dept 2009] [internal citations and quotations omitted]) including notification by telephone (See Davis v Motor Veh. Acc. Indem. Corp., 33 AD2d 663 [1st Dept 1969] [denying petition based on late notice where petitioner "admitted she had a telephone in her apartment on the day of the accident"]; see also Mejia v Motor Veh. Acc. Indem. Corp., 70 Misc 3d 1208(A) [Civ Ct, Bronx County 2020] ["the Court finds that in calling the precinct and attempting to report the accident by phone on January 18, 2017, petitioner fulfilled the 24-hour notice requirement"]). Accordingly, the conceded absence of any effort on the part of petitioner to report the subject collision dooms his petition.

While petitioner asserts, in reply, that an evidentiary hearing as to this issue is necessary, the Court disagrees. "[I]t is unnecessary for this court to hold a hearing to allow [petitioner] to testify to the same assertions he makes in his affidavit and submit the same proof he submitted with his motion" (Attaway v Motor Veh. Acc. Indem. Corp., 35 Misc 3d 1214(A) [Sup Ct, Bronx County 2012])

Accordingly, it is

**ORDERED** and **ADJUDGED** that the petition is denied and dismissed; and it is further

**ORDERED** that within thirty days of entry, respondent shall serve a copy of this decision, order, and judgment, with notice of entry, upon petitioner as well as the Clerk of the Court (60 Centre Street, Room 141B) and the Clerk of the General Clerk's Office (60 Centre Street, Room 119); and it is further

**ORDERED** that such service upon the Clerk of the Court and the Clerk of the General Clerk's Office shall be made in accordance with the procedures set forth in the *Protocol on*

**151022/2023 ZUCKERBERG, SHAUL vs. THE MOTOR VEHICLE ACCIDENT INDEMNIFICATION CORPORATION**          **Page 4 of 5**
**Motion No. 001**

4 of 5

*Courthouse and County Clerk Procedures for Electronically Filed Cases* (accessible at the "E-Filing" page on this Court's website at the address www.nycourts.gov/supctmanh).

This constitutes the decision, order, and judgment of the court.

|  | | |
|---|---|---|
| __1/5/2024__ | | HON. JUDY H. KIM, J.S.C. |
| **DATE** | | |

| CHECK ONE: | X | CASE DISPOSED | | NON-FINAL DISPOSITION | |
|---|---|---|---|---|---|
| | | GRANTED | X DENIED | GRANTED IN PART | OTHER |
| APPLICATION: | | SETTLE ORDER | | SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | FIDUCIARY APPOINTMENT | REFERENCE |

**151022/2023   ZUCKERBERG, SHAUL vs. THE MOTOR VEHICLE ACCIDENT INDEMNIFICATION CORPORATION**
Motion No.  001

Page 5 of 5

5 of 5